## WILLIAM M. YANDELL v. MADISON COUNTY.

BOARD OF SUPERVISORS.    *App'al.    Claim against county.    Code* 1892, § 79.
    *Bill of exceptions.    Circuit court.    Jurisdiction.*

   When no bill of exceptions has been taken, a circuit court is without
   jurisdiction of an appeal from a judgment of a board of supervisors
   disallowing a claim against a county, under code 1892, § 79, regu-
   lating such appeals, and can only dismiss the cause.

FROM the circuit court of Madison county.
HON. ROBERT POWELL, Judge.

Yandell, appellant, was plaintiff in the court below; the County of Madison, appellee, was defendant there. The facts are fully stated in the opinion of the court.

*H. B. Greaves*, for appellant.

The court below erred in not dismissing the cause without prejudice to plaintiff's rights. Under code 1892, § 79, the circuit court only had jurisdiction to dismiss the appeal. The want of a bill of exceptions was fatal to the appeal. It was a mere nullity. The case was improperly on the circuit court docket, and it should merely have been dismissed, leaving the plaintiff at liberty to sue in another action. The following cases all lead to this conclusion: *Odineal* v. *Barry*, 24 Miss., 10; *Vicksburg, etc., R. R. Co.* v. *Ragsdale*, 51 Miss., 451; *Rankin, etc., Bank* v. *Johnson*, 56 Miss., 125; *Giegolt* v. *Joor*, 60 Miss., 817; *Bridges* v. *Supervisors*, 57 Miss., 252.

*A. P. Hill* and *Chrisman & Howell*, for appellee.

The circuit court had jurisdiction without a bill of exceptions. A number of cases reported in our reports show reversals by

the circuit court of judgments rendered by boards of supervisors for errors apparent of record not resting on the facts or anything certified in a bill of exceptions.   A careful analysis of *Bridges* v. *Supervisors*, 57 Miss., 252, will disclose that the case is not an authority against us.

TERRAL, J., delivered the opinion of the court.

At the January term, 1901, of the board of supervisors of Madison county, Dr. W. M. Yandell presented to the board, as county health officer, for allowance, his claim for $214.83, which the board disallowed.   Thereupon Dr. Yandell prayed an appeal to the circuit court, which the board granted, and approved his bond for such appeal.   No bill of exceptions was then, or at any time, made in the case.   The circuit court, upon the motion of the county, affirmed the judgment of the board of supervisors disallowing said account.   During the term of the circuit court, counsel for Dr. Yandell applied to have the judgment of the circuit court set aside and the case dismissed without prejudice to any remedy open to appellant, which the court refused to do.   We are inclined to the opinion that, without a bill of exceptions or its equivalent, the circuit court had no jurisdiction to enter any judgment except that of a dismissal of the appeal.   In *Porter* v. *Grisham*, 3 How., 76, it is said, "The requisitions of the law in relation to the obtaining of an appeal must be strictly complied with."   And § 79, code 1892, expressly provides that, on an appeal to the circuit court from the board of supervisors, a bill of exceptions, signed by the president of the board, "may embody the facts and decisions, and the circuit court shall hear and determine the same on the case as presented by the bill of exceptions as an appellate court;" and it must follow, we think, that such appeal without bill of exceptions is irregular and void, for the circuit court would possess no means of determining whether the judgment of the board of supervisors should be affirmed or reversed, and the only judgment possible to the court would

be to dismiss the appeal for want of jurisdiction. *Bridges* v. *Supervisors*, 57 Miss., 252. This course will permit the parties to litigate their rights in an orderly manner.

*Reversed and remanded.*