## CITY OF JACKSON *v.* VARIA, INC.

No. 41909          September 25, 1961          133 So. 2d 16

*E. W. Stennett, W. T. Neely,* Jackson, for appellant.

No attorney listed for appellee.

*McGehee*, C. J.

This is an appeal by the City of Jackson from a judgment of the Circuit Court of Hinds County which reversed the action of the City Council denying a permit to the appellee, Varia, Inc., to maintain a house trailer on the premises of the appellee where it conducted a drive-in theater.

The appeal was sought to be taken to the circuit court from the action of the City Council on a "bill of exceptions" which was signed by one of the attorneys for the appellee, instead of by the Mayor, and the same was not approved by the Mayor or Commissioners.

Section 1195, Code of 1942, provides, among other things, that the person aggrieved may take his appeal and "may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities". This statute was not complied with in any manner. In such a case it was held in Yandell v. Madison County, 79 Miss. 212, 30 So. 606, that the circuit court had no jurisdiction to enter any judgment except that of the dismissal of the appeal. No fact, judgment or decision was embodied in the purported bill of exceptions since there was no testimony offered by the appellee to show that the ordinance in question was not a reasonable exercise of the police power of the municipal authorities and for the promotion of the public health and general welfare.

The action of the City Council was reversed by the circuit court on the ground that the place or object used as a trailer for living quarters was not a trailer at all, but there was no evidence taken to show the nature and

character of the so-called trailer for which the City Council declined to grant a permit to use.

In other words, we have concluded that for the lack of a bill of exceptions the circuit court had no jurisdiction to reverse the action of the City Council.

Reversed and judgment here for the appellant.

*Arrington, Ethridge, McElroy* and *Rogers, JJ.*, concur.