This is an appeal from the Circuit Court of Madison County. That court dismissed the appeal of Honorable Robert Cox, County Superintendent of Education, from an order of the Board of Supervisors pertaining to a lease of certain sixteenth section lands. We affirm.
The following facts are before us. At the regular June 1973 meeting of the Board of Supervisors of Madison County, which convened June 4, 1973, the Board of Supervisors, herein identified as Board, adopted a resolution determining the fair market value of certain sixteenth section lands for a prepaid sixty-five year lease, which value was fixed at $66,000. On September 19, 1973 the appellant, County Superintendent of Education, filed a petition appealing from the determination of the Board establishing the value of the lease involved at the sum of $66,000.
On the same day the appeal was filed, counsel for the Board made a motion ore tenus (oral) asking that the appeal be stricken and dismissed on the grounds (1) that the appeal had not been taken within *Page 630 
ten days from the date of the adjournment of the term of the Board at which the order was entered, and (2) that the appeal was not accompanied by a bill of exceptions. The trial court proceeded to hear and consider the motion ore tenus without any objection at that time being made to the failure of the Board to reduce the motion to writing, or to have an affidavit attached thereto. On the hearing of the motion to strike, the Board relied upon a page from the minutes of the Board showing its adjournment for the month of June. Both parties hereto introduced into evidence the page from the minute book of the Board which reflected the adjournment of the June 1973 meeting, but the record is in an ambiguous condition for failure to show on what date the order of adjournment was entered.
This Court said in Yandell v. Madison County, 79 Miss. 212, 30 So. 606 (1901) that an appeal from an order of a Board of Supervisors without a bill of exceptions is irregular and void because the circuit court, absent a bill of exceptions, would have no means of determining whether or not the judgment of the Board of Supervisors should be affirmed or reversed, and that "the only judgment possible to the court would be to dismiss the appeal for want of jurisdiction." The rule announced in Yandell
was approved by this Court in the fairly recent case of City of Jackson v. Varia, Inc., 241 Miss. 705, 133 So.2d 16 (1961). The cases of Yandell and City of Jackson were obviously controlled by legislative requirements which now appear as Mississippi Code Annotated section 11-51-75 (1972). These requirements were not complied with in any manner in those cases or in the present case, in that a bill of exceptions was not attached to or filed with the petition for appeal. Without a bill of exceptions, the circuit court had no record before it upon which the court could determine whether or not the agency appealed from had erroneously or illegally acted. For a discussion of this principle see City of Meridian v. Davidson,211 Miss. 683, 53 So.2d 48 (1951). We again adhere to the rationale of Yandell and City of Jackson and conclude that in the case at bar the circuit court had no jurisdiction to reverse the action of the Board because the petition for appeal was lacking a bill of exceptions.
Now we address the question of whether or not the oral motion to strike the appeal should have been considered by the court. The answer must be affirmative because without the bill of exceptions the petition for appeal was nothing more than a frivolous, irregular, and untimely pleading. Such a pleading may justifiably be assailed by a motion to strike, even though the motion was not reduced to writing. Southland Broadcasting Co. v. Tracy, 210 Miss. 836, 50 So.2d 572 (1951); Marshal v. Hamilton,41 Miss. 229 (1866). See also V. Griffith, Mississippi Chancery Practice section 402 (2d ed. 1950).
Also, when the court heard the oral motion to strike the appeal, no objection was made to the fact that the motion was not in writing. In that situation the appellant himself introduced evidence and waived any argument pertaining to the motion not being in writing. We conclude that where the court was without jurisdiction because of the lack of a bill of exceptions, there was no error in the failure of the trial court to reverse the action of the Board of Supervisors.
In affirming this case for lack of a bill of exceptions, we point out the urgent need for minutes of Boards of Supervisors and various other administrative agencies to accurately and clearly reflect the dates orders adjourning meetings are entered. Unless records in such instances reflect when orders are entered adjourning meetings, how can a litigant determine when his case was concluded and thereby compute the time frame within which he must begin and complete efforts to appeal. See State Oil and Gas Board v. Crane, 271 So.2d 84, 87 (Miss. 1972), where the rule is announced that "litigants should not have *Page 631 
their statutory right to appeal to rest upon the ambiguous condition of the record" as to when some board or agency entered its order of adjournment. See also Masonite Corp. v. State Oil Gas Board, 230 So.2d 806 (Miss. 1970).
Affirmed.
GILLESPIE, C.J., and INZER, ROBERTSON and WALKER, JJ., concur.