295 So.2d 753 (1974)
SHANNON CHAIR COMPANY
v.
CITY OF HOUSTON, Mississippi.
No. 47549.
Supreme Court of Mississippi.
June 10, 1974.
Fox & Sanderson, Houston, for appellant.
James S. Gore, James M. Hood, Jr., Houston, for appellee.
INZER, Justice:
Shannon Chair Company appeals from a judgment of the Circuit Court of the First Judicial District of Chickasaw County dismissing its appeal to that court from a judgment of the Mayor and Board of Aldermen of the City of Houston rezoning certain property in the City of Houston. We affirm.
G.D. Wimberly filed a petition with the Mayor and Board of Aldermen of the City *754 of Houston requesting certain property that he owned in the city be rezoned from industrial to residential. Shannon Chair Company protested the granting of the petition. The mayor and board of aldermen granted the petition and on October 5, 1971, adopted an ordinance rezoning the property. The October 1971 meeting was finally adjourned on October 12, 1971. On October 13, 1971, counsel for appellant directed a letter to the Circuit Clerk of Chickasaw County giving notice of its intention to appeal the decision of the board to the circuit court. A copy of the letter was sent to the city clerk and to the attorneys representing the city and Wimberly. A bill of exceptions was not presented to the mayor for his signature until November 8, 1971, more than ten days after the adjournment of the board. The mayor on advice of the city attorney signed the bill of exceptions, and it was filed in the circuit court on November 10, 1971.
By agreement of counsel the appeal was set for hearing in vacation on May 10, 1972. On that day, the City of Houston filed a motion to dismiss the appeal for the reason that the bill of exceptions was not filed or presented to the mayor within ten days from the adjournment of the October 1971 meeting as required by the provisions of Section 1195, Mississippi Code 1942 Annotated (1956), which now appears as Mississippi Code Annotated, Section 11-51-75 (1972). A hearing was had on the motion to dismiss, and the trial judge took the matter under advisement. In due course the trial judge filed a written opinion giving reasons why he was of the opinion that the motion to dismiss should be sustained. A judgement was entered dismissing the appeal.
The only assignment of error is that the trial court was in error in sustaining the motion of the city to dismiss the appeal. Appellant argues that the language in Section 1195 [§ 11-51-75 (1972)] indicates that the filing of a bill of exceptions is not a must, but rather the aggrieved party may embody the facts in a bill of exceptions. It is argued that only the notice of appeal must be filed within ten days, and the bill of exceptions may then be filed within a reasonable time thereafter. Appellant also contends that the delay of the city in the filing of its motion to dismiss constitutes lack of good faith, fairness and reasonableness and that the objection was untimely. It is further argued that since the mayor signed the bill of exceptions on the advice of the city attorney after the ten days had expired, there was a constructive consent to permit a late filing.
We have heretofore had the occasion to construe this statute and have held that the only means to appeal from an order of the board of supervisors or municipal authorities is by a bill of exceptions. No bond is required to effect the appeal. Cox v. Board of Supervisors, 290 So.2d 629 (Miss. 1974); City of Jackson v. Varia, Inc., 241 Miss. 705, 133 So.2d 16 (1961); Reed v. Adams, 236 Miss. 333, 111 So.2d 222 (1959).
It follows that appellant's notice of intent to appeal given within the ten day period added nothing to its attempt to appeal in this case.
This brings us to the question of whether the ten day provision in the statute is mandatory. The pertinent portion of the statute is in the following language: "... may appeal within ten (10) days from date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president... ." Bills of exception, unknown to the common law, are founded wholly on the statutes and can only be made up in the manner, time, and place provided by statute. Richmond v. Enochs, 109 Miss. 14, 67 So. 649 (1915). Furthermore, it has long been the law of this state that statutes limiting the time within which appeals may be taken are both mandatory *755 and jurisdictional. An appeal not perfected within the time prescribed by statute confers no jurisdiction on the appellate court. Such an appeal should be dismissed either on the motion of the appellee or by the appellate court of its own motion. Turner v. Simmons, 99 Miss. 28, 54 So. 658 (1911).
Since the bill of exceptions in this case was not presented to the mayor within ten days after adjournment of the October 1971 meeting of the mayor and board of aldermen, the time for appeal had expired and the fact that the mayor signed the bill of exceptions on the advice of the city attorney was of no effect. After the ten days had elapsed from the adjournment of the October 1971 meeting, there was no way that the appeal could then be perfected. It follows that the trial court correctly sustained the motion to dismiss the appeal.
For the reasons stated, this case must be and is affirmed.
Affirmed.
RODGERS, P.J., and ROBERTSON, WALKER, and BROOM, JJ., concur.