569 So.2d 1148 (1990)
Robert MOORE
v.
Alix H. SANDERS, William J. Stewart, W.R. Webb, James M. Hooper, Leflore County Board of Supervisors.
No. 07-CA-59516.
Supreme Court of Mississippi.
August 1, 1990.
Rehearing Denied November 7, 1990.
Willie J. Perkins, Sr., Greenwood, for appellant.
James W. Burgoon, Jr., Fraiser & Burgoon, Greenwood, for appellee.
En Banc.
HAWKINS, Presiding Justice, for the court:
Because of lack of jurisdiction, we dismiss the appeal of Robert Moore from the circuit court of Leflore County.

FACTS
Robert Moore, supervisor of district 2 of Leflore County, has appealed from a June 23, 1988, judgment of the circuit court of that County affirming the March 16, 1987, order of the board of supervisors finding that Moore had removed himself from his district and thereupon declaring his office vacant.
The circuit judge was of the opinion that the board had the authority under the provisions of Miss. Code Ann. § 25-1-59 (1972) to make such factual determination and to declare Moore's office vacant, and that there was substantial evidence to support this finding.
Because there was no compliance with Miss. Code Ann. § 11-51-75 (1972), the statutory method of perfecting an appeal from an order of the board of supervisors, in that no bill of exceptions was ever filed by Moore, we note lack of jurisdiction, and dismiss this appeal.
The facts of this case are essentially set forth in Moore v. Sanders, 558 So.2d 1383 (Miss. 1990).
A complaint that Moore had moved out of his district was filed with the board on December 1, 1986. On March 13, 1987, at a regular board meeting, the board conducted an evidentiary hearing, taken down and transcribed by a court reporter, and at which Moore was represented by counsel.
Following the hearing, by order dated March 16, 1987, the board declared the office vacant, under the authority of Miss. Code Ann. § 25-1-59:

*1149 § 25-1-59. Vacancy by removal or default.
If any state, district, county, county district, or municipal officer during the term or his office shall remove out of the state, district, county, or municipality for which he was elected of appointed, such office shall thereby become vacant and the vacancy be supplied as by law directed... .
Moore filed a notice of appeal to the circuit court on March 26, 1987, but failed to file a bill of exceptions, as required by Miss. Code Ann. § 11-51-75. Instead of moving to dismiss his appeal, the board "elected" to have the circuit court consider the appeal on the merits and on May 27, 1987, filed with the circuit court a copy of the board's order of March 16, 1987, together with a transcript of the board proceedings.
Moore contended before the circuit judge, as he does on this appeal, that the board did not have the authority to hear a contested issue of fact, in effect a quo warranto proceeding, and declare the office vacant.
The circuit judge disagreed, holding the board was authorized to declare the office vacant, and that its decision was supported by substantial evidence, and affirmed.
As noted, Moore raises the same issues on appeal as before the circuit court.
Moore's only act in his attempted appeal to circuit court was his filing a notice of such appeal. He filed no bill of exceptions. Neither did the board. The board did, however, some 72 days after its order, file a transcript of the proceedings and its order with the circuit court. It attempted to confer jurisdiction upon the court by consent.
The threshold question, however, is whether the circuit court had any jurisdiction whatever in view of the non-compliance with Miss. Code Ann. § 11-51-75.
In Shannon Chair Co. v. City of Houston, 295 So.2d 753 (Miss. 1974), the city board adjourned October 12. On the next day an aggrieved property owner gave notice of his appeal from a rezoning order of the board. On November 8 the property owner presented the mayor with a proposed bill of exceptions, which he signed on November 10. The circuit court dismissed the appeal for lack of jurisdiction. We affirmed as follows:
We have heretofore had the occasion to construe this statute and have held that the only means to appeal from an order of the board of supervisors or municipal authorities is by a bill of exceptions. No bond is required to effect the appeal. Cox v. Board of Supervisors, 290 So.2d 629 (Miss. 1974); City of Jackson v. Varia, Inc., 241 Miss. 705, 133 So.2d 16 (1961); Reed v. Adams, 236 Miss. 333, 111 So.2d 222 (1959).
It follows that appellant's notice of intent to appeal given within the ten day period added nothing to its attempt to appeal in this case.
This brings us to the question of whether the ten day provision in the statute is mandatory. The pertinent portion of the statute is in the following language: "... may appeal within ten (10) days from date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president . .." Bills of exception unknown to the common law, are founded wholly on the statutes and can only be made up in the manner, time and place provided by statute. Richmond v. Enochs, 109 Miss. 14, 67 So. 649 (1915). Furthermore, it has long been the law of this state that statutes limiting the time within which appeals may be taken are both mandatory and jurisdictional. An appeal not perfected with the time prescribed by statute confers no jurisdiction on the appellate court. Such an appeal should be dismissed either on the motion of the appellee or by the appellate court of its own motion. Turner v. Simmons, 99 Miss. 28, 54 So. 658 (1911).
* * * * * *

*1150 After the ten days had elapsed from the adjournment of the October 1971 meeting, there was no way that the appeal could then be perfected.
Id. at 754-755.
As we held in Turner v. Simmons, 99 Miss. 28, 54 So. 658 (1911):
Statutes limiting the time within which appeals shall be taken are both mandatory and jurisdictional, and must be strictly complied with. The court is without power to ingraft any exception on the statute. When the statute is not complied with, the Supreme Court is without jurisdiction of the cause, which will be dismissed, either on motion of appellee or by this court of its own motion. This court is without power to make any other order. [Emphasis added]

99 Miss. at 29, 54 So. 658. Also, Dependents of Townsend v. Dyer Woodturnings, 459 So.2d 300 (Miss. 1984).
It follows that the circuit court had no authority to consider Moore's attempted appeal from the board of supervisors' order, and neither does this Court.
APPEAL DISMISSED.
ROY NOBLE LEE, C.J., and PRATHER, SULLIVAN, ANDERSON and BLASS, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
ROBERTSON, J., dissents with written opinion.
PITTMAN, J., not participating.
ROBERTSON, Justice, dissenting:
On March 14, 1990, we held Robert E. Moore's complaint in Chancery Court must be dismissed because he had "a plain, adequate, speedy and complete remedy" in the Circuit Court. Moore v. Sanders, 558 So.2d 1383 (Miss. 1990). I concurred in that decision and remain of the view that it is correct.
Moore has now proceeded in the Circuit Court, albeit ineptly. The Court today holds his remedy there not quite so adequate and strips him of his office as a member of the Board of Supervisors of Leflore County, this without Moore ever being heard on the merits  anywhere!
The action is one in the nature of a traditional quo warranto proceeding. The Mississippi Rules of Civil Procedure may have purged this process of its mystical Latin title, but otherwise the right and remedy remain available, and the Circuit Court has jurisdiction now as ever. See Dye v. State ex. rel. Hale, 507 So.2d 332, 337-38 (Miss. 1987).
It is true that Moore moved in the Circuit Court by giving notice of appeal rather than by filing an original complaint. His remedy is not appeal but by action. The point for the moment is that the defendants, the other Supervisors, have in no way objected to Moore proceeding in Circuit Court on the merits.
I would construe Moore's papers filed in the Circuit Court as a complaint seeking to try his right to public office. In other contexts we disregard the label or title attached to a pleading and look to its substance. Williams v. Mason, 556 So.2d 1045, 1050 (Miss. 1990); Shannon v. Henson, 499 So.2d 758, 762 (Miss. 1986); Moore v. Moore, 451 So.2d 226, 227 (Miss. 1984); Thornton v. Breland, 441 So.2d 1348, 1349 (Miss. 1983). There is no doubt of what Moore complains, nor of the relief he has sought. Luckett v. Mississippi Wood, Inc., 481 So.2d 288, 290 (Miss. 1985); Leader National Life Insurance Co. v. Lindsey, 477 So.2d 1323, 1327 (Miss. 1985); Stanton & Associates, Inc. v. Bryant Construction Co., 464 So.2d 499, 505-506 (Miss. 1985). Even if, treated as a complaint, Moore's appeal papers do not state a claim, Rule 15(a), Miss.R.Civ.P., comes into play. Any order of dismissal must allow Moore thirty days within which to amend.
I see no need to consider or even mention Shannon Chair Co. v. City of Houston, 295 So.2d 753 (Miss. 1974).