592 So.2d 525 (1991)
David R. McINTOSH and Wife, Carol Ann McIntosh
v.
William H. AMACKER, Jr.
No. 07-CA-59621.
Supreme Court of Mississippi.
December 31, 1991.
Dan R. Wise, Hattiesburg, for appellant.
No brief filed for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
The McIntoshes' appeal a judgment of the Circuit Court of Pearl River County which, pursuant to jury verdict, awarded damages to the McIntoshes in the amount of $387.00 for a right-of-way which the Board of Supervisors had established on their property. We note a lack of jurisdiction by the circuit court, reverse and vacate its judgment, and dismiss the appeal.

*526 I.
William H. Amacker, Jr., and William Robert Amacker (Amacker), land-locked landowners, petitioned the Pearl River County Board of Supervisors pursuant to Miss. Code Ann. § 65-7-201 (1972) for a private right-of-way for necessary ingress and egress across the land of David R. McIntosh and wife, Carol Ann McIntosh (McIntosh), adjoining landowners. The Board conducted an evidentiary hearing in December, 1987, established the requested right-of-way and assessed damages in the sum of $3,000.00 per acre, with $2,000.00 minimum to be paid to McIntosh by Amacker. The Board's final order was rendered February 5, 1988.
On February 12, 1988, McIntosh mailed notice of appeal to the Board clerk with a request that the Board proceedings be transcribed for submission to the Circuit Court of Pearl River County. The notice was received by the Board clerk and filed February 16, 1988. No bill of exceptions was obtained and filed pursuant to the provisions of Miss. Code Ann. § 11-51-75 (1972). No cross appeal or bill of exceptions was obtained or filed by Amacker.
On April 14, 1988, Amacker filed a motion to dismiss the appeal on grounds that McIntosh (1) failed to file notice of appeal within ten days from and after the Board's decision in violation of Miss. Code Ann. § 11-51-75 (1972), and (2) failed to file and obtain approval of an appeal bond. The circuit court overruled the motion to dismiss, holding that it had jurisdiction of the subject matter and the parties.
On May 12, 1988, McIntosh filed a motion to have the circuit court consider errors of law prior to a jury trial on damages. The court overruled the motion and held that pursuant to Evans v. Sharkey County, 89 Miss. 302, 42 So. 173 (1906), a bill of exceptions must be filed to preserve questions of law, and the appeal was therefore limited to fact questions regarding the amount of damages to be paid McIntosh for the right-of-way.
On May 23, 1988, McIntosh filed a pleading styled "Confessed Judgment." The pleading attempted to waive jury trial, confess that the damages assessed by the Board of Supervisors represented the fair market value for the property taken, and limit the appeal to questions of law regarding the propriety of the taking. The circuit court found that the pleading was an exercise in futility and without merit, and proceeded to trial, over McIntosh's objection, solely on the issue of damages to be paid for the right-of-way. The jury assessed damages in the sum of $387.00, and judgment was rendered on the verdict. McIntosh appeals.

II.
The heart of McIntosh's appeal challenges the action of the circuit court in disallowing his appeal on issues of law and in submitting the issue of damages to a jury.
Miss. Code Ann. § 65-7-201 (1972) provides in part:
When any person shall desire to have a private road laid out through the land of another, when necessary for ingress and egress, he shall apply by petition, stating the facts and reasons, to the board of supervisors of the county, which shall, the owner of the land being notified at least five days before, determine the reasonableness of the application. If the petition be granted, the same proceedings shall be had thereon as in the case of a public road; ...
Review by the circuit court is governed in part by Miss. Code Ann. § 65-7-67 (1972) which provides in part as follows:
All proceedings of the board of supervisors in laying out, altering or changing any public road and assessing damages therefor may be reviewed by the circuit court in respect to any matter of law arising on the face of the proceedings; and on the question of damages the cause may be tried anew, and the damages may be assessed by a jury if the owners of the land so desire... . [O]n such appeal and review, all of the proceedings involving the taking of land for a public road and assessing damages therefor, and otherwise, shall be before *527 the circuit court for consideration on such review and appeal... .
The general statute for appeal to the circuit court from boards of supervisors is Miss. Code Ann. § 11-51-75 (1972). The provisions of the general statute provide:
Any person aggrieved by a judgment or decision of the board of supervisors ... may appeal with ten (10) days from the date of adjournment at which session the board of supervisors ... rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors... . The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment. If the judgment be reversed, the circuit court shall render such judgment as the board ... ought to have rendered, and certify the same to the board of supervisors... .
In Evans v. Sharkey County, the county assessed damages sustained by Evans for land taken for a public road. Evans, dissatisfied with the amount of damages, sought to appeal to the circuit court, where his attempted appeal was dismissed because a bill of exceptions to the action of the board had not been obtained, and because of defects in his appeal bond. On appeal, the Evans court stated:
Where the appeal under this section is simply for the purpose of having a jury assess the damage, this being a question of fact, it is not necessary for a bill of exceptions to be presented and signed. It is necessary to file a bill of exceptions, as provided in sec. 3896, only when it is desired to review some matter of law arising on the face of the proceedings; that is to say, when the question involved is whether or not a board of supervisors has proceeded to lay out, alter, or change any public road and asess [sic] damage therefor, in accordance with the procedure required by law.
Evans, 89 Miss. at 307, 42 So. at 173.
Section 3896 (1892), the antecedent to Miss. Code Ann. § 65-7-67 (1972), contained no provision requiring a bill of exceptions. It is apparent that the Court in Evans relied on the general appeals statute as authority for requiring a bill of exceptions for appellate "review of matters of law arising on the face of the proceedings."
Since Evans, we have repeatedly held that, absent a bill of exceptions, the Circuit Court is not vested with subject matter jurisdiction over the appeal. Moore v. Sanders, 569 So.2d 1148 (Miss. 1990); Shannon Chair Co. v. City of Houston, 295 So.2d 753 (Miss. 1974); Cox v. Board of Supervisors of Madison County, 290 So.2d 629 (Miss. 1974); City of Jackson v. Varia, Inc., 241 Miss. 705, 133 So.2d 16 (1961); Reed v. Adams, 236 Miss. 333, 111 So.2d 222 (1959).
Admittedly, Evans, in discussing the special statute, held that a bill of exceptions is not necessary where an appeal is simply for the purpose of having a jury assess damages. However, procedural uniformity impels a rule requiring a bill of exceptions prerequisite to vesting the circuit court with subject matter jurisdiction in all appeals from boards of supervisors, regardless of the issues presented.
McIntosh argues that his appeal was not prosecuted under Miss. Code Ann. § 11-51-75 (1972), but under Miss. Code Ann. § 65-7-67 (1972), and therefore, the general statute does not apply. We find nothing in section 65-7-67 negating the necessity of a bill of exceptions as prescribed by section 11-51-75.
The problem with Evans lies in its statement that no bill of exceptions is necessary where the appeal is solely for the purpose of having a jury assess damages. This conflicts with our subsequent decisions in Moore, Shannon, Cox, City of Jackson, and Reed, all of which hold that a bill of exceptions is "the only means to appeal from an order of the Board of Supervisors." Shannon, 295 So.2d at 274. To this extent, therefore, Evans is now overruled. *528 The bill of exceptions required by the general statute is necessary to vest the circuit court with appellate jurisdiction.

III.
We are of the opinion that the failure of McIntosh to obtain and file a bill of exceptions as prescribed by Miss. Code Ann. § 11-51-75 (1972) was fatal to the appeal. The circuit court had no authority to consider any issue of the attempted appeal, and neither do we. We note this lack of jurisdiction, reverse and vacate the judgment of the Circuit Court of Pearl River County, and dismiss this appeal.
JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY REVERSED AND VACATED, AND APPEAL DISMISSED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., PRATHER, ROBERTSON, and McRAE, JJ., concur.
BANKS, J., concurs in part and dissents in part by separate written opinion joined by DAN M. LEE, P.J., and SULLIVAN, J.
BANKS, Justice, concurring in part, dissenting in part:
I agree with the result reached by the majority, but because I disagree with the imposition of a meaningless requirement for the sake of some supposed uniformity, I must dissent from the prospective requirement that de novo appeals pursuant to Miss. Code Ann. § 65-7-67 (Supp. 1991) be made by bill of exceptions, overruling a precedent of eighty-five years standing.
I see no reason to overrule settled law regarding the proper interpretation of § 65-7-67. "Procedural uniformity" regarding appeals from non-judicial bodies should be left to the legislature. Moreover, requiring a bill of exceptions where the appellant seeks only trial de novo on damages is requiring a meaningless and useless exercise. None of the cases cited by the majority as requiring a bill of exceptions involves an appeal de novo. The reason is obvious. The purpose of a bill of exceptions is to bring the proceedings before the inferior tribunal to the court to enable that court to determine whether the tribunal acted properly with reference to what was before it. That issue is not before the court in de novo proceedings pursuant to the statute in question. The issue of damages is tried anew before a jury. Miss. Code Ann. § 65-7-67. Similarly, there is no mention of a bill of exceptions for appeals for de novo determinations for the assessment of taxes pursuant to Miss. Code Ann. § 11-51-77.
This case can be decided by applying the law as sensibly pronounced in Evans v. Sharkey County, 89 Miss. 302, 42 So. 173 (1906). Here, McIntosh had circuit court jurisdiction only for trial de novo on damages. When that issue was "confessed" the appeal should have been dismissed because Amacker did not cross appeal, and, therefore, had no right to trial de novo on damages. I, too, would reverse and vacate but not for the reason that no bill of exceptions was filed, but because the circuit court lost jurisdiction once the issue of damages was confessed by McIntosh.
DAN M. LEE, P.J., and SULLIVAN, J., join this opinion.