597 So.2d 1288 (1992)
J.B. BARLOW
v.
Lynn WEATHERSBY, James H. Patrick, Joe Wade, Charles Sheppard, and Larry Swales d/b/a Rankin County Board of Supervisors.
No. 90-CA-0547.
Supreme Court of Mississippi.
April 22, 1992.
*1289 Orbie S. Craft, Brandon, for appellant.
Michael P. Younger, Brandon, for appellees.
Before HAWKINS, P.J., and SULLIVAN and McRAE, JJ.
HAWKINS, Presiding Justice, for the Court:
Barlow, as Chancery Clerk of Rankin County, was removed by the Rankin County Board of Supervisors from his posts as Clerk to the Board and County Auditor. Barlow sought reinstatement to these posts and the Circuit Court of Rankin County denied relief. Barlow appeals. We reverse and remand.

FACTS
Barlow was elected Chancery Clerk in Rankin County and took office on January 1, 1988. On March 27, 1989, he wrote the Board of Supervisors and the Board attorney a letter which states in pertinent part:
Since I assumed the position of Chancery Clerk of Rankin County, I have been a strong supporter of effective and efficient county government. I have looked for ways to achieve both accountability and efficiency of operations. During the last fifteen months, I have observed that the limited staff of my office coupled with the multitude of different functions required of my staff does not lend itself to efficiency and often results in duplication of efforts of other offices.
During the same time period, I have learned that the County Administrator and County Comptroller's offices are best staffed to deal in a centralized manner with authorizing, receiving, recording, checking and paying of bills owed by and purchases made by the County. With the ever-expanding requirement of our growing County, my staff simply lacks sufficient time to meet these ever-increasing demands of fiscal management of the County and the normal day-to-day job of the Chancery Clerk's office.
* * * * * *
[I] have decided to vacate until further notice the position of Clerk of the Board of Supervisors. I would request that during my absence from the office of Clerk of the Board, that you appoint a Clerk pro tempore pursuant to Miss. Code Ann. § 19-3-29 (1972 Edition) to serve as Clerk of the Board. Since by law the acting Clerk of the Board also serves as County Auditor, I will also be absent from that office. The appointment of a present employee as Clerk pro tempore should not increase any cost, since I will be forgoing [sic] the compensation payable to the Clerk of the Board and County Auditor.
* * * * * *
I would ask that this letter be attached to your resolution appointing a Clerk pro tempore.
The Board of Supervisors responded that same day by adopting the following resolution:
RESOLUTION
THIS DAY, this matter came on to be heard concerning the matter of accepting the vacation of the office of Clerk of the Board of Supervisors of Rankin County, Mississippi, and County Auditor for Rankin County, Mississippi, by Joe B. Barlow, Chancery Clerk of Rankin County. Supervisor Larry W. Swales moved the adoption of the following resolution:
RESOLUTION CALLING FOR THE ACCEPTANCE OF THE VACATION OF THE OFFICE OF CLERK OF THE BOARD OF SUPERVISORS OF RANKIN COUNTY, MISSISSIPPI AND *1290 COUNTY AUDITOR BY JOE B. BARLOW, AND THE APPOINTMENT OF SHIRLEY McLAURIN AS BOTH CLERK PRO TEMPORE OF THE BOARD OF SUPERVISORS OF RANKIN COUNTY, MISSISSIPPI AND AS COUNTY AUDITOR OF RANKIN COUNTY, MISSISSIPPI, AT NO ADDITIONAL SALARY OR PAY.
WHEREAS, the Board of Supervisors of Rankin County, Mississippi, hereinafter referred to as the "Board", acting for and on behalf of Rankin County, Mississippi, hereinafter referred to as the "County", does hereby make the following findings:
1. J.B. Barlow has heretofore acted in the capacity of Clerk of the Board of Supervisors of Rankin County, Mississippi, as well as Rankin County Auditor.
2. That, the said J.B. Barlow has this day tendered in writing to the Board, his intentions to vacate the offices of Clerk of the Board of Supervisors of Rankin County, Mississippi, and Rankin County Auditor, citing as his reasons for vacating these offices as being the staffing situation in the office of the Chancery Clerk of Rankin County, Mississippi, as well as the staffing ability of the Rankin County Comptroller's Department.
3. That, pursuant to Sections 19-3-29 and 19-13-29, Mississippi Code of 1972 (Ann. as Amended), the Board of Supervisors of Rankin County, Mississippi may now declare these offices and positions to be vacated and may fill said positions with a person of their choosing, namely, Shirley McLaurin.
4. That, J.B. Barlow no longer being the Clerk of the Board and the County Auditor for Rankin County, Mississippi, is hereby absolved and released from any potential civil liability possibly associated with these two offices, past, present and future.
5. That, all functions previously performed by J.B. Barlow in his capacity as Clerk of the Board of Supervisors of Rankin County, Mississippi and all functions previously performed by J.B. Barlow in his capacity as County Auditor for Rankin County, Mississippi, shall henceforth be performed by Shirley McLaurin and she shall assume these positions effective April 1, 1989.
Supervisor Joe Wade seconded the above and foregoing Motion and the subject being fully discussed and the question having been called, the motion and resolution was brought on for a vote as follows:

 Supervisor Lynn Weathersby voted: aye
 Supervisor James H. Patrick voted: aye
 Supervisor Joe Wade voted: aye
 Supervisor Charles Sheppard voted: aye
 Supervisor Larry Swales voted: aye

The motion having received a majority vote of the members of the Board of Supervisors present, the same was adopted, declared, and passed this the 27th day of March, 1989.
 /s/ Larry Swales
 PRESIDENT OF THE
 BOARD OF SUPERVISORS
 ATTEST:
 /s/ J.B. Barlow
 CLERK OF THE BOARD OF
 SUPERVISORS
(Letter was attached as exhibit to resolution.)
On September 25, 1989, Orbie Craft, attorney for Barlow, wrote the Board and the Board's attorney the following letter:
 September 25, 1989
 Hon. Michael Younger
 Counsel for Rankin County
 Board of Supervisors
 Supervisor Lynn Weathersby
 Supervisor James H. Patrick
 Supervisor Joe Wade
 Supervisor Charles Sheppard
 Supervisor Larry Swales
 110 North Timber Street
 Brandon, MS. 39042
Gentlemen:
On March 27, 1989, by resolution, you declared vacant the offices of Clerk of the Board of Supervisors and County Auditor and named Shirley McLaurin to those posts, prospectively.
Please accept this formal notice that as of this date, Honorable J.B. Barlow, Rankin *1291 County Chancery Clerk, is resuming his duties as Clerk of the Board of Supervisors and County Auditor.
This is in line with Section 170 of the Mississippi Constitution of 1890 (mandating that the Chancery Clerk serve as Clerk of the Board of Supervisors) and Section 19-17-1 of the Mississippi Code of 1972 (naming the clerk as the County Auditor). Section 19-13-29 does not permit the Board to appoint some other person as Clerk prospectively. The Board may only pay some other person during the time the Clerk does not perform the duties. At your next meeting please recind [sic] your previous resolution recorded in Book 88, Page 137 of your minutes. Additionally, please immediately tender necessary books, dockets and other records to Mr. Barlow. Finally, please place this request on your agenda for discussion and action at the next regular meeting.
Mr. Barlow intends to work with the Board in every possible way. He would be happy to work with Ms. McLaurin, also. He understands that Mrs. Ruby Holland is currently typing the board minutes. This is also acceptable. However, he has the ultimate responsibility for these duties and therefore must exercise supervision and control over these functions.
 Hon. Michael Younger, et al
 September 25, 1989
 Page Two
 Sincerely,
 /s/ Orbie S. Craft
 OSC: dlm
On October 2, 1989, the Board refused to reinstate Barlow by the following motion:
Upon motion duly made by Supervisor Swales, seconded by Supervisor Patrick and upon unanimous vote, it was RESOLVED that J.B. Barlow will not and shall not be reinstated as Clerk of the Board of Supervisor [sic] and County Auditor, pursuant to Sections 19-3-24 and 19-13-24, Mississippi Code, 1972, Annotated as amended.
The Board entered another more lengthy order, dated October 16, 1989, just three days before Barlow filed suit, removing the Chancery Clerk pursuant to § 19-3-29 and § 19-13-29. Pertinent parts of that order are:
THIS DAY, the matter of Joe Barlow's performance and position as Rankin County Clerk of the Board of Supervisors and County Auditor came on for consideration.
The Board of Supervisors of Rankin County, Mississippi, heard reports on said subject from Joe McRaney, County Comptroller, Michael P. Younger, Attorney for the Board of Supervisors of Rankin County, Mississippi, Hugh Jack Stubbs, Rankin County's County Administrator, and several of the members of the Board of Supervisors themselves.
.....
ORDERED AND ADJUDGED as follows:
1. That, on March 27, 1989, the Board of Supervisors terminated J.B. Barlow as Clerk of the Board of Supervisors and as County Auditor for Rankin County, Mississippi, for reasons of vacation of office and failure and refusal to perform the functions of such office, all pursuant to Section 19-3-29, Mississippi Code 1972 (Ann.), and Section 19-13-29, Mississippi Code 1972 (Cumm.Supp.).
2. That, in consideration of all of the above referenced findings of fact the Rankin County Board of Supervisors does hereby declare J.B. Barlow to have failed and refused to properly carry out the functions and duties of Clerk of the Board of Supervisors and County Auditor of Rankin County, Mississippi, and does henceforth declare J.B. Barlow to be removed from these two positions, pursuant to Section 19-3-29, Mississippi Code 1972 (Ann.) and Section 19-13-29, Mississippi Code of 1972 (Cumm.Supp.).

3. That, henceforth, J.B. Barlow shall be replaced as Clerk of the Board of Supervisors and County Auditor of Rankin County, Mississippi, with Shirley McLaurin, with Ruby T. Holland *1292 being henceforth the Deputy Clerk of the Board.

SO ORDERED AND ADJUDGED, this the 16th day of October, 1989. (Emphasis added)
 /s/ Larry Swales
 PRESIDENT, RANKIN
 COUNTY BOARD OF
 SUPERVISORS
 /s/ Shirley McLaurin
 SHIRLEY McLAURIN
 CLERK OF THE BOARD
 (Seal)
On October 19, 1989, Barlow filed a Complaint against the Board members in the Circuit Court of Rankin County, Mississippi, in which he requested reinstatement as well as other relief. The parties filed motions for summary judgment, and on the stipulated facts contained in the pleadings, letters and Board minutes, the circuit court entered judgment denying Barlow reinstatement on the theory of estoppel. The court held:
In short, it is highly questionable that Barlow could lawfully withdraw from duties or vacate positions that the law says shall be his. Likewise, it is highly questionable that the Supervisors could allow him to withdraw from or vacate these duties without seeking to have him removed from the office of Chancery Clerk. But he did and they did. Their respective motives were probably quite laudable  an effort to effect a publicly beneficial, peaceful separation in a trying time and circumstance. In the opinion of the Court the parties should be estopped from going back on these decisions.
Barlow appeals.

LAW

I.
Under Miss. Const. of 1890, Art. VI, § 170, and Miss. Code Ann. § 19-17-1 (1972) the duties of the Clerk of the Board and the County Auditor are just as much a part of the duties of the Chancery Clerk as attending and keeping the minutes of all Chancery Court proceedings. Miss. Code Ann. §§ 9-5-135, 137 (1972). Barlow's request that the Board appoint a Clerk to the Board pro tempore is authorized by Miss. Code Ann. § 19-3-29 (1972) which provides:
In case the office of clerk shall be vacant, or the clerk and his deputies be absent, refuse, or fail to perform the duties required, the board may appoint a clerk for the time, who, on taking the oath of office shall be authorized to discharge the duties and to receive the compensation, for the time being, of the clerk of the board. [emphasis added]
The action of the Board, however, exceeded this limited grant of authority. When Barlow asked to be reinstated to those positions to which he was entitled, the Board had no right to refuse. The only possible reason the Board would have for refusing to comply with his request would be § 19-13-29 which states, in pertinent part:
For failure to perform any duty required of him herein, said clerk shall not be entitled to the compensation now provided by law for such duty, when performed, and the board of supervisors shall be prohibited from authorizing payment of the same to said clerk, but, instead, said board shall be authorized to employ a competent person to perform any duty which such clerk has failed to perform, either in his capacity as the clerk of the board or as the county auditor, and pay to such person the compensation now provided by law for such services, as aforesaid.
The October 16, 1989, resolution recites "vacation of office, and failure and refusal to perform the functions of such office" as "reasons" for Barlow's termination on March 27, 1989. However, the March 27, 1989, minutes contained no such findings. The Board merely accepted Barlow's conditional and temporary vacation of "the offices of clerk to the Board ... and ... County Auditor." As set forth in the letter, Barlow vacated those positions "until further notice" and "request that you appoint a clerk pro tempore." The letter confirms that both Barlow's intention and offer were just to temporarily vacate those positions.
*1293 The March resolution goes on to incorporate Barlow's reasons for such offer. Placing McLaurin in those positions was nothing more than an amicable solution to fill those positions temporarily. Although Miss. Code Ann. § 9-13-29 is also cited as authority for the Board action, no charges or findings that Barlow failed "to perform any duty required of him" are contained in those minutes.
This record does not support any claim that Barlow had failed to perform his duties. But even so, if the Board desired to make such a claim it was obliged to give him a hearing. U.S. Const. Amend. V and XIV, § 1; Miss. Const. Art. 3, § 14; Tally v. Board of Supervisors, 307 So.2d 553 (Miss. 1975); 63A Am.Jur.2d Public Officers and Employees § 259, 260 (1984).
None of the due process afforded Moore in Moore v. Sanders, 569 So.2d 1148 (Miss. 1990), was given Barlow. In Moore, "the board conducted an evidentiary hearing, taken down and transcribed by a court reporter, and at which Moore was represented by counsel." Moore at 1148.
The resolution barring the Chancery Clerk from his duties as Board Clerk and County Auditor and appointing a permanent replacement is a nullity. Because Barlow only temporarily vacated those positions, there is no evidence of estoppel.

II.
The circuit court is a court of general subject matter jurisdiction with authority to hear and adjudge all "matters civil subject matter jurisdiction of which is not vested in some other court." Miss. Const. of 1890 art. VI, § 156; Miss. Code Ann. § 9-7-81 (1972); Dye v. State Ex Rel. Hale, 507 So.2d 332, 337 (Miss. 1987).
This action, contrary to Moore v. Sanders, 569 So.2d 1148 (Miss. 1990), is not an attempted appeal by bill of exceptions. Barlow brought an original action in the nature of quo warranto which he had every right to bring in the circuit court under Miss. Code Ann. §§ 11-39-1, 11-39-5 (1972), as supplanted by our rules of civil procedure. See Miss.R.Civ.P., Appendix B ("The form of relief formerly obtainable under a writ of quo warranto, or writ in the nature of quo warranto, shall hereafter be obtained by motions or actions specifically seeking such relief... ."). Although not termed quo warranto as such, this clearly was the tenor of his proceedings in the circuit court. See Moore v. Sanders, 569 So.2d 1148, 1150 (Miss. 1990) (Robertson, J., dissenting).

III.
Shirley McLaurin holds office by the same Board resolution that denied Barlow those rights and duties of his elected office. We hold that action beyond the Board's authority and thus a nullity. We likewise hold meritless the Chancery Clerk's claim for fees as Board Clerk and County Auditor for the period those duties were performed by McLaurin as Clerk pro tempore. Those fees were forfeited when Barlow temporarily vacated those positions.[1]
The other claims of Barlow are without merit.
We reverse and remand to the Circuit Court for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
McRAE, J., concurs in result only.
BANKS, J., concurs with separate written opinion joined by ROBERTSON, J.
BANKS, Justice, concurring:
I concur in the result reached by the majority because in my view the uncontradicted evidence is that the board acquiesced in a temporary relinquishment of certain *1294 statutory duties and it derived no power of permanent removal by that act. I write separately to disassociate with what, in my view, is an unhealthy reference to a disturbing page in our history, Moore v. Sanders, 569 So.2d 1148 (Miss. 1990). Hopefully, I will also more clearly elucidate the justification, appropriate or not, for treating this case differently than Moore.
Treating the last point first, Robert Moore was a duly elected member of the board of supervisors of Leflore County. He was removed from his position by his fellow supervisors after a hearing conducted by that board to determine whether he still resided in his district. Moore sought to test the legality of the board's action by seeking injunctive relief in the chancery court and by noticing appeal to the circuit court. The chancery court found that the board had the power to act as it did and denied relief. Moore appealed to this court and we held, appropriately in my view, that Moore had an adequate remedy at law, that is, an appeal to circuit court by virtue of the Miss. Code Ann. § 11-51-75 (1972). Moore v. Sanders I, 558 So.2d 1383 (Miss. 1990).
My Brother Hawkins dissented at great length protesting that the board of supervisors had no power to remove Moore. He argued, correctly in my view, that the board of supervisors should have brought quo warranto proceedings pursuant to Miss. Code Ann. § 11-39-1 et seq. (1972). 558 So.2d at 1385, Hawkins, dissenting. The court's judgment was nevertheless appropriate because the power of the board of supervisors to act as it did could and should have been addressed by the circuit court on appeal.
Unfortunately, for Moore and the law, a legal "i" was not dotted in perfecting the appeal. He failed to file a "timely" bill of exceptions. The fact is that Moore filed a lengthy petition setting forth the proceedings before the board and his grievance. He clearly pointed out his contention that the board was acting in excess of its authority. The board of supervisors filed a complete record of the proceedings before it. The appeal was heard, the issues debated and the circuit court rendered judgment. On appeal to this court, however, it was determined that Moore, having failed to file a bill of exceptions, had deprived the circuit court and this court of jurisdiction. Moore v. Sanders, 569 So.2d 1148 (1990). The majority resisted the entreaties of Justice Robertson, in dissent, to treat the proceedings as being in the nature of quo warranto and decide the case on the merits. Thus, Moore failed to get the issue of the power of the board to remove him heard by this court because he was unable to negotiate a procedural maze created by our court system of divided law and equity and the sporadic rigidity of this court with regard to procedural missteps.
Barlow, like Moore, was adversely affected by an order of the board of supervisors. Like Moore he had a remedy at law, an appeal pursuant to § 11-51-75. Like Moore he failed to perfect an appeal in the manner required by statute. Unlike Moore, however, he did not purport to bring an appeal. He purported to bring an original action alleging, among other claims, a cause of action explicitly "in the nature of quo warranto."
Quo warranto is the statutorily prescribed mechanism for trying, among other things, a person's right to political office. Miss. Code Ann. § 11-39-1 (1972). The statute prescribes that the action shall be brought "in the name of the state, by the attorney general or a district attorney, on his own motion or on relation of another, and, in a case to try the right to an office, on the relation of the claimant thereof." Miss. Code Ann. § 11-39-3 (1972). We have construed this language so as to eschew a requirement that such proceedings be brought by the attorney general or district attorney. State ex rel. Funches v. Keys, 215 Miss. 562, 61 So.2d 339 (1952). Our rules answer other questions arising from a comparison of the statute to the pleadings.
Rule 81(e) provides that relief formally obtainable by quo warranto is available by motion or action seeking that relief. Rule 81(e), Miss.R.Civ.Pro.; Dye v. State Ex Rel. Hale, 507 So.2d 332, 337 fn. 4 (Miss. 1987). *1295 Rule 17 provides that actions shall be brought in the name of the real party in interest. Rule 17(a), Miss.R.Civ.Pro. That rule further provides that no action shall be dismissed because it is not prosecuted in the name of the real party in interest until a reasonable time is allowed to cure the defect. Rule 17(a), Miss.R.Civ.Pro. Thus it should be clear that the failure of Barlow to bring this action in the name of the state does not affect its viability. He is the one contending that he is deprived of the office and thus he is the real party in interest. See, Miss. Code Ann. § 11-39-5 (1972) (A relator claiming right to the office who prevails is entitled to recover damages.); Miss. Code Ann. § 11-39-23 (1972) (A private relator is liable for costs as any other plaintiff.) State v. Henderson, 166 Miss. 530, 146 So. 456 (1933).
It should be clear then that Barlow was entitled to bring the action brought. That he had another remedy by appeal is of no effect. I agree with My Brother Robertson's concurring opinion in Moore. 569 So.2d at 1150. The petition filed there, insofar as it sought relief from the unlawful assumption of power by the Leflore County board of supervisors and restoration to his public office, should have been treated by this court as an action in the nature of quo warranto. Alas, it was not. But because Barlow specifically asked for quo warranto relief, he should not be denied for failure to pursue an alternate remedy.
Finally, the reference to Moore by the majority in Part I of its opinion would, incorrectly in my view, lead one to believe that the result there was somehow based on the procedural due process accorded Moore by his board. One might conclude that if the Rankin County board had given Barlow a hearing it would have had the power to remove him from office. That is not what either Moore decision held. Moore I held that injunctive relief from the chancery court was inappropriate for Moore's grievance because there was an adequate remedy at law and Moore II held that Moore had failed to perfect his appeal. 558 So.2d 1383, 1385; 569 So.2d 1148, 1150. Neither case expressed approval of a board of supervisors removing a public official other than through proceedings in the nature of quo warranto in the appropriate circuit court.
ROBERTSON, J., joins this concurring opinion.
NOTES
[1] The Board appointed county employee McLaurin to those positions "at no additional salary or pay."