**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2001-CT-00533-SCT**

*JOHN BOWEN*

*v.*

*DESOTO COUNTY BOARD OF SUPERVISORS*

**ON WRIT OF CERTIORARI**

| | |
|---|---|
| DATE OF JUDGMENT: | 9/28/2000 |
| TRIAL JUDGE: | HON. ANDREW C. BAKER |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KEITH TREADWAY |
| ATTORNEY FOR APPELLEE: | WILLIAM A. BROWN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | COURT OF APPEALS' JUDGMENT AFFIRMED - 08/07/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**PITTMAN, CHIEF JUSTICE, FOR THE COURT:**

¶1.    On March 8, 2000, the DeSoto County Board of Supervisors denied John Bowen's (Bowen) request for a conditional use permit under the county's zoning ordinance.  Bowen filed a notice of appeal with the circuit clerk on March 20, 2000, but did not file a bill of exceptions pursuant to Miss. Code Ann. § 11-51-75 (Rev. 2002).  The statute imposes a ten-day time frame for filing the appeal, but March 18th was on a Saturday and, thus, March 20th was timely.  Based on the failure to file a bill of exceptions, the Board filed a motion to

dismiss the appeal for lack of jurisdiction, which the circuit court granted. Bowen appealed, and the appeal was assigned to the Court of Appeals. A unanimous Court of Appeals reversed and remanded. *Bowen v. DeSoto County Bd. of Supervisors*, 2002 WL 1167254 (Miss. Ct. App. 2002). This Court granted certiorari to consider the requirements of a bill of exceptions and to clarify any ambiguity. In doing so, we affirm the judgment of the Court of Appeals.

### ANALYSIS

¶2. Miss. Code Ann. § 11-51-75 states in part:

> Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.

¶3. The main issues relating to this statute are whether a bill of exceptions is required and, if so, whether it must be filed within ten days. The Board argues that a bill is required and it must be filed within ten days. This Court has held that a bill of exceptions is required. *McIntosh v. Amacker*, 592 So.2d 525 (Miss. 1991). *See also* *Yandell v. Madison County*, 79 Miss. 212, 30 So. 606 (1901). However, the second issue is not as clear. *McIntosh* and *Yandell* do not address the time period. The Board cites *Newell v. Jones County,* 731 So.2d 580 (Miss. 1999), and *City of Madison v. Shanks*, 793 So.2d 576 (Miss. 2000), in this argument and asserts that these two cases were incorrectly distinguished by the Court of

2

Appeals. Neither of these cases directly address the issue of whether the bill of exceptions must be filed within ten days. In *Newell*, this Court said:

> The statute's ten (10) day time limit in which to appeal the decision of a Board is both mandatory and jurisdictional. *Moore v. Sanders,* 569 So.2d 1148, 1150 (Miss. 1990). Where an appeal is not perfected within the statutory time constraints no jurisdiction is conferred on the appellate court; and the untimely action should be dismissed.

731 So.2d at 582 (¶ 10). However, the Court of Appeals properly distinguished both *Newell* and *Shanks*. In *Newell* nothing, including a notice of appeal, was filed within the ten days. Here, the notice of appeal was filed and only the bill was lacking. *Shanks* involved the question of whether a mayor's veto is appealable and also did not speak to the issue of a timely filed bill of exceptions.

¶4.     The Court of Appeals found that neither of those cases are contrary to the proposition of *Bowling v. Madison County Board of Supervisors,* 724 So.2d 431 (Miss. Ct. App. 1998), that the actual filing of the bill of exceptions with the circuit court within ten days is not an absolute prerequisite to vest the court with jurisdiction as long as some formal pleading indicating an intention to appeal is filed within ten days. The Court of Appeals further found that although the bill of exceptions must ultimately be filed, it is not necessary to do so within ten days.

> If the bill of exceptions is not the necessary document to commence the appeal, then its preparation may not be critical to meeting the jurisdictional time requirements. First, the bill of exceptions serves as the record. The record is not what in a normal appeal must be filed simultaneously with the notice of appeal. Secondly, since the bill of exceptions requires the signature of an official who personifies the governmental body whose actions are being condemned by the aggrieved party, delays in reaching agreement on the record

3

can be expected. The critically short ten day time frame suggests that even slight delay may be procedurally fatal.

*Bowling*, 724 So.2d at 437 (¶ 27). The Court of Appeals expanded on this analogy that the bill of exceptions is merely the appellate record and not necessary to commence the appeal. We agree.

¶5. Bowen's argument parallels that of the Court of Appeals. He cites *Bowling*, *Canton Farm Equipment, Inc. v. Richardson*, 501 So.2d 1098 (Miss. 1987), and *Huey Stockstill, Inc. v. Hales*, 730 So.2d 539 (Miss. 1998), in his argument that a bill of exceptions need not be filed within ten days. Neither of the latter two directly assess the bill of exceptions issue though. In addition, a later case, *Ladner v. Harrison County Board of Supervisors*, 793 So.2d 637 (Miss. 2001), reiterates that a bill of exceptions must be filed without addressing a time frame. The Board here argues that *Bowling* has been misapplied and that it can be distinguished because there a document in the nature of a bill of exceptions was filed in a timely manner.

¶6. Other cases, however, appear to be in conflict. In *Moore v. Sanders*, 569 So.2d 1148 (Miss. 1990), this Court held that failure to file a bill of exceptions within ten days was a fatal flaw and the appeal was properly dismissed because the court had no jurisdiction. In *Shannon Chair Co. v. City of Houston*, 295 So.2d 753 (Miss. 1974), this Court, noting that it has held that the only way to appeal an order from the board of supervisors or municipal authorities is by bill of exceptions, held that the bill must be filed within ten days.

> Bills of exception, unknown to the common law, are founded wholly on the statutes and can only be made up in the manner, time and place provided by statute. *Richmond v. Enochs*, 109 Miss. 14, 67 So. 649 (1915). Furthermore,

4

> it has long been the law of this state that statutes limiting the time within which appeals may be taken are both mandatory and jurisdictional. An appeal not perfected within the time prescribed by statute confers no jurisdiction on the appellate court. Such an appeal should be dismissed either on the motion of the appellee or by the appellate court of its own motion. *Turner v. Simmons*, 99 Miss. 28, 54 So. 658 (1911).
>
> Since the bill of exceptions in this case was not presented to the mayor within ten days after adjournment of the October 1971 meeting of the mayor and board of aldermen, the time for appeal had expired. . . . After the ten days had elapsed from the adjournment of the October 1971 meeting, there was no way that the appeal could then be perfected.

295 So.2d at 754, 755.

¶7. However, in *Board of Supervisors of Marshall County v. Stephenson*, 160 Miss. 372, 134 So. 142 (1930), this Court found that thirty days within which to file a bill of exceptions was not unreasonable where the parties agreed as to the filing of the bill. *See also Cloverleaf Mall, Ltd. v. Conerly*, 387 So.2d 736 (Miss. 1980) (an order extending the ten-day period was proper). In *Bowling*, the Court of Appeals also addressed the rules versus the statutes aspect and said that statutory indications are that the "legislative branch does not wish that matters of form will terminate a court's ability to consider the rights of parties. The appellate and civil trial rules indicate that the supreme court follows the same principle." 724 So. 2d at 442 (¶50).

¶8. The Board argues that the Court of Appeals failed to consider *House v. Honea*, 799 So.2d 882 (Miss. 2001), for the proposition that the bill of exceptions must be filed within ten days. There is no mention of *House* in the Court of Appeals' decision, but it can be distinguished because the bill of exceptions issue was not addressed separately. The issue there was whether the notice of appeal *and* the bill of exceptions were timely filed.

¶9. In the case sub judice, Bowen properly and timely filed a notice of appeal. We find that sufficient to vest jurisdiction. Further, the Court finds that the Court of Appeals' decision to

reverse the circuit court's judgment and remand this matter for the circuit court to permit Bowen a reasonable time within which to file the bill of exceptions was proper. Therefore, the judgment of the Court of Appeals is affirmed.

¶10.    **COURT OF APPEALS' JUDGMENT AFFIRMED.**

**McRAE AND SMITH, P.JJ., WALLER, COBB, CARLSON AND GRAVES, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**