JOHN WESLEY EVANS *v.* SHARKEY COUNTY.

[42 South. Rep., 173.]

HIGHWAYS. *Laying out. Board of supervisors. Code* 1892, § 3896. *Appeal. Bill of exceptions. Bond. Motion for new trial. Recitals.*

Under Code 1892, § 3896, providing for an appeal from the judgment of a board of supervisors condemning lands for a highway:

(*a*) A bill of exceptions is required only when it is desired to review matters of law arising in the course of the proceeding and not where the appeal is simply to have the damages assessed by a jury; but

(*b*) An appeal in such case will be dismissed if the bond therefor is not payable to the county, was not approved by the president of the board of supervisors, and not filed until after the adjournment of the board; and

(*c*) The record in such a case cannot be aided by mere recitals in a motion for a new trial.

FROM the circuit court of Sharkey county.

HON. JOHN N. BUSH, Judge.

Evans, the appellant, being dissatisfied with the amount of damages assessed by the board of supervisors of Sharkey county for land taken for a public road, sought to appeal to the circuit court.    In that court the pretended appeal was dismissed, on motion of the county, appellee, because a bill of exceptions to the action of the board had not been presented to and signed by the president of the board, and because appellant's appeal bond

had not been approved by the president of the board, was not payable to the county, and was not filed until after the adjournment of the board. If an application was made by appellant to amend his bond the record fails to show the same, although a refusal of the court to allow such amendment is recited in the motion for a new trial. The circuit court dismissed the appeal, and Evans appealed to the supreme court. The opinion of the court further states the facts.

*N. Vick Robbins,* for appellant.

The appeal from the action of the board of supervisors was solely for the purpose of having a jury pass upon the amount of damages to be paid. No matters of law were involved. The appeal was not prosecuted under Code 1892, § 79, providing for appeals in general, from orders of county and municipal boards, but under Code 1892, § 3896. This latter section is in the code chapter on "Roads, Ferries and Bridges." It provides for review of the actions of a board of supervisors by the circuit court on all matters relating to damages from establishing or altering public roads and it distinctly says that the board may grant appeals when prayed for, on appellant's giving an appeal bond, in order that a jury trial may be had as to amount of damages. Nothing is stated therein in regard to necessity for a bill of exceptions. It further recites that the question as to amount of damage is to "be tried anew;" hence, why should a bill of exceptions be needed? No question of law is involved in the circuit court, and a jury must have the evidence as to value before them to return a verdict. Hence, the action of the court below, in holding that as regards matters of fact to be tried anew, a bill of exceptions was necessary to appeal, was erroneous.

But it is further contended by appellee that the bond of appellant, given under Code 1892, § 3896, was defective. While it is true that no obligee is named therein, yet the bond bears the signatures of the appellant and two sureties, was marked

---

---

"filed and accepted" by the proper officer, and if defective, was curable under Code 1892, § 91.

The lower court further held that even if the bond was valid, it was not filed in the time prescribed by law. But what is such proper time? Code 1892, § 79, does not prescribe any time, further than that appeals shall be taken to the next term of circuit court, or to such court immediately, if in session. Code 1892, § 3896, under the terms of which the appeal was taken, prescribes no time. It cannot be denied that appeal was taken to the next term of court after the session of the board. There was full compliance with law, and the five days' time prescribed for appeals in general from decisions of inferior courts does not apply.

*John S. Joor, Jr.,* for appellee.

The action of the lower court in dismissing the appeal was correct, for the appeal bond was absolutely void. Under Code 1892, § 3896, it should have been payable to the county, and was not. The obligors could in no way have been held liable thereon. It failed to contain the elements of a valid contract, a strict essential. 1 Ency. Plead. & Prac., 990, 998; *Hardaway* v. *Biles,* 1 Smed. & M., 658; *Potter* v. *Grisham,* 3 How. (Miss.), 76. Being void, no motion to amend it could be made in the circuit court. *Pacific Paving Company* v. *Bolton,* 89 Cal., 154; Code 1892, § 91, can in no way be relied upon by appellant in seeking to amend the bond.

The appeal bond in this case was not filed until six days after the adjournment of term of the board when the appeal was prayed and granted. Nor was such bond ever approved. No bond can be amended which was not filed within the statutory period, "as the allowance of an amendment would in effect be to allow a new appeal." *Jacobs* v. *Morrow,* 21 Neb., 233. There is nothing in Code 1892, § 3689, at variance with Code 1892, § 79, prescribing a method of appeal to the circuit court from a county or municipal board's decision.

*R. V. Fletcher,* assistant attorney-general, on the same side.

It is contended by appellant that since Code 1892, § 3896, under which the appeal to the circuit court was taken, does not provide for a bill of exceptions, and that since the section recites that on a question of damages a case may be tried anew in the circuit court, the law does not make a bill of exceptions necessary to an appeal in this class of cases. Whether this view of the law be sound is respectfully submitted to this court.

It is apparent that the case must be affirmed, however, because the appeal bond is exceedingly irregular and defective. No obligee is named therein; it does not purport to be an appeal bond at all; does not show from what tribunal the appeal is taken; nor does it recite any adverse judgment against the appellant. It is practically no bond, for no one can be held liable upon it. It is, of course, beyond dispute that Code 1892, § 91, allows defective bonds to be amended; but the paper claimed by appellant to be his appeal bond lacks the prime requisites of a valid bond, being, in fact, so defective as to be null and void.

Moreover, the pretended bond was never approved either by the president of the board of supervisors or by the chancery clerk. Code 1892, § 3896, on the subject of appeals in cases such as this, recites that the appeal bond shall be subject to the same proceedings as appeal bonds in other cases. As all of the other statutes in reference to appeals from courts subordinate to the circuit court, provide that the appeal bond in each instance must be approved, it is obvious that approval was here necessary. It is true that in *Monroe County* v. *Strong,* 78 Miss., 565, it was held that no appeal bond is requisite in appeals taken under Code 1892, §79. But whenever an appeal bond is absolutely necessary, it must be approved to be valid. In appeals under Code 1892, § 80; in appeals from a municipal board, under Code 1892, § 2912a; in appeals from a court of a justice of the peace, under Code 1892, § 82; in appeals

from a court of unlawful entry and detainer, under Code 1892, § 81; in all appeals from circuit and chancery courts to the supreme court, appeal bonds must be approved before the appeal is perfected.

It has been repeatedly held that in appeals from the court of a justice of the peace, the appeal will be dismissed unless appeal bond be given and approved as required by statute. *Jacobs* v. *Johnson,* 36 South. Rep., 544.

Under the circumstances Code 1892, § 91, relied upon by appellant, as giving the right to file new bond in place of one defective, could not avail appellant, for even if permission had been granted to amend, the appeal must have been dismissed for the reason that the appeal bond was filed in vacation, after adjournment of the board. The bond should have been filed and approved while the board was in session. *McGee* v. *Jones,* 63 Miss., 453.

MAYES, J., delivered the opinion of the court.

This is an appeal from the action of the board of supervisors of Sharkey county, under Ann. Code 1892, § 3896, in allowing damage for certain property taken for road purposes. There is no error complained of, except in the allowance of damages by the board of supervisors for the taking of the land, it being claimed that the amount of damage was not sufficient. Section 3896 of the code provides that "all proceedings of the board of supervisors, in the laying out, altering or changing any public road, and assessing damages therefor, may be reviewed by the circuit court in respect to any matter of law arising on the face of the proceedings; and on the question of damages the cause may be tried anew, and the damages may be assessed by a jury if the owner of the land so desire, and the board of supervisors shall grant appeals for that purpose, when prayed for, on the appellant giving bond for the costs in such penalty as the board may require, not exceeding two hundred dollars, payable to the county; and such bond shall

have the same effect, and be subject to the same proceedings, as appeal bonds in other cases. Where the appeal under this section is simply for the purpose of having a jury assess the damage, this being a question of fact, it is not necessary for a bill of exceptions to be presented and signed. It is necessary to file a bill of exceptions, as provided in sec. 3896, only when it is desired to review some matter of law arising on the face of the proceedings; that is to say, when the question involved is whether or not a board of supervisors has proceeded to lay out, alter, or change any public road and asess damage therefor, in accordance with the procedure required by law.

It appears from the record in this case that the bond was not filed until some time after the adjournment of the board. By express provision of the statute the bond required to be given under sec. 3896 is made subject to the same proceedings as appeal bonds in other cases. Unless the statute expressly provides that the bond may be executed after adjournment of the board, as is done in sec. 80, in case of an appeal from board of supervisors in assessment for taxes, or a further time is allowed by order of the board, it is necessary that an appeal bond be executed, and approved by the president of the board of supervisors during the term of the board at which the allowance for damages is made. *McGee* v. *Jones,* 63 Miss., 453. The bond given in this case was void, under sec. 3896, for the reason that it had not been approved by the president of the board; neither had it been made payable to the county, as required by the statute, nor had it been filed in time. It may be that under sec. 91, if the bond had been filed in time, the appellant would have had the right to perfect his bond, if the record showed that he had made application for that purpose. But we can only try the case presented by the record, and the record does not show that there was ever any motion made in the court below asking to be allowed to perfect the bond, even if he had filed it in time. It is true that, in the motion for a new

trial and in the assignment of error by counsel for appellant, it is stated that the court erred in refusing to allow appellant to amend his bond; but it does not appear from the record that an application was made to the court for this purpose, except as this fact is stated in the motion for a new trial. The motion for a new trial served no other purpose than to call the court's attention to some error supposed to be committed in the record, and, when the record is examined, it is not shown that appellant ever asked the court for leave to perfect his bond.

*Let the judgment appealed from be affirmed.*