240 So.2d 630 (1970)
John Seaton BENCE
v.
STATE of Mississippi.
No. 45916.
Supreme Court of Mississippi.
November 2, 1970.
Elliott E. Schlottman, Hattiesburg, for appellant.
*631 A.F. Summer, Atty. Gen., by Timmie Hancock, Special Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice.
The appellant, John Seaton Bence, was indicted, tried and convicted in the Circuit Court of Forrest County, Mississippi, of the crime of forgery. He was sentenced to a term of eight years in the State Penitentiary.
On February 12, 1969, the appellant purchased a ladies Elgin wristwatch from Tillman's Jewelers in Hattiesburg, Mississippi, and handed to the sales clerk a forged Bankamericard with the name "Roy J. Dupre" imprinted thereon. The sales clerk wrote out a sales ticket, inserted the credit card and sales ticket in an imprint machine, and imprinted on the sales slip "Roy J. Dupre" and his credit card number. The appellant then signed the name, "Roy J. Dupre," on the sales slip. The clerk then handed the wristwatch and Bankamericard to the appellant.
The appellant contends that twelve errors were committed by the trial court. We deem it necessary to discuss and answer only one of these. The appellant says that the offense with which he is charged has been specifically designated a misdemeanor in the "Mississippi Credit Card Crime Act of 1968."
§ 2148.7-08, Miss.Code of 1942 Ann. (Supp., 1968), being part of the said Credit Card Crime Act, provides:
"Any person, with intent to defraud the cardholder, issuer, a person or organization providing money, goods, property, services, or anything else of value, or any other person, (1) who uses a credit card obtained or retained in violation of this act, or a credit card which he knows is forged, for the purpose of obtaining money, goods, property, services, or anything else of value, or (2) who obtains money, goods, property, services or anything else of value by representing without the consent of the cardholder (a) that he is the holder of a specified card, or (b) by representing that he is the holder of a card when he has reason to know that such card has not in fact been issued, is guilty of a misdemeanor." (Emphasis added.)
The appellant was not charged under § 2148.7-08, but was indicted under the general forgery statute, § 2173, Miss.Code of 1942 Ann. (1956).
The offense of the appellant clearly fits under either statute and constitutes an offense under both. The same contention that the Credit Card Crime Act preempted the field and precluded prosecution under the general forgery statute was made in McCrory v. State, 210 So.2d 877 (Miss. 1968), where a stolen Humble Oil and Refining Company credit card was used to obtain goods in the amount of $46.31 from Lee Dunn's Truck Stop in Hattiesburg. In McCrory the defendant had forged the credit card owner's name on the credit card sales slip or invoice evidencing the purchase. In specifically answering that contention, this Court said:
"It is well settled that a credit charge or a credit sales slip may be the subject of forgery. Annot., 90 A.L.R.2d 822 (1963). The only issue presented by this appeal is whether Mississippi Code 1942 Annotated section 2148.5 (Supp. 1966), specifically dealing with the fraudulent use of credit cards, preempts the field and precludes prosecution under the general forgery statute. Miss.Code 1942 Ann. § 2160 (1956).
"It is a fundamental rule of statutory construction that when two statutes encompass the same subject matter, one being general and the other specific, the latter will control. 1 Sutherland, Statutory Construction § 2022 (3rd ed. 1943). However, that rule is not applicable here since the above mentioned statutes do not cover the same subject matter. Section 2148.5 makes it a misdemeanor to fraudulently use a credit card to obtain or attempt to obtain goods, property or services, regardless of whether *632 a forgery is committed. While the appellant could have been charged under section 2148.5, there is nothing in that statute to preclude his being prosecuted under the general forgery statute. See Vannerson v. State, 403 S.W.2d 791 (Tex.Cr.App. 1966)."
The Legislature in § 2148.7-13 made its intent quite clear when it said:
"This act shall not be construed so as to preclude the applicability of any other provision of the criminal law of this State which presently applies or may in the future apply to any transaction which violates the act, unless such provision is inconsistent with the terms of this act."
The general forgery statute was applicable and is not inconsistent with the terms of the Credit Card Crime Act. We think that the Legislature intended to give the prosecuting authority a choice as to what statute he would bring the charge under.
This offense could very well have been brought under the Credit Card Crime Act. It involved the fraudulent purchase of a wristwatch valued at only $37.75. If it were larceny, it would be petit larceny, the value being under $100.00. Sec. 2242, Miss.Code of 1942 Ann. (Supp. 1968). It would have been much more appropriate to treat it as a misdemeanor. Of course, appellant in his motion for a continuance stated that there were nine forgery indictments pending against him, but the fact remains that in this case he was tried and sentenced for only one of these. The sentence of eight years is unusually harsh and severe; a much more appropriate sentence would have been one fitting within the limits set forth in the Credit Card Crime Act. Where the record is free of reversible error, we must affirm. We do not have the authority to reduce the sentence as we would prefer to do.
Affirmed.
ETHRIDGE, C.J., and RODGERS, PATTERSON, and SMITH, JJ., concur.