504 So.2d 196 (1987)
Michael M. BENOIT and Julia A. Benoit
v.
UNITED COMPANIES MORTGAGE OF MISSISSIPPI, INC.
No. 56875.
Supreme Court of Mississippi.
March 4, 1987.
Dennis L. Horn, Horn & Payne, Hazlehurst, for appellant.
Robert L. Rogers, Jr., Gillespie & Rogers, Hattiesburg, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:
This appeal presents the question whether, in the case of prepayment of a loan made by a licensee under the Small Loan Privilege Tax Act and where the amount prepaid has been computed wholly in conformity with the provisions of the Small Loan Regulatory Act, the prepayment is nevertheless subject to scrutiny under restrictions on prepayment penalties found in our general usury statute. In the context of today's facts, we answer the question in the negative and affirm the judgment below.
Michael M. Benoit and Julia A. Benoit, prior to June 27, 1983, had an outstanding first mortgage loan with United Companies *197 Mortgage of Mississippi, Inc., a corporation licensed under the Small Loan Privilege Tax Act. Miss. Code Ann. §§ 75-67-201, et seq. (Supp. 1986). The Benoits advised United's McComb, Mississippi office that they wished to pay off the loan and requested a payoff figure. They were advised that the amount necessary to pay in full the indebtedness covered by their note, after credit for unearned interest, was $41,073.23. This payoff amount was calculated on the rule of the sum of the digits, commonly known as the Rule of 78ths. The Benoits in fact paid this amount to United on June 27, 1983.
On January 20, 1984, the Benoits commenced this civil action in the Circuit Court of Pike County alleging that United had charged them a prepayment penalty in excess of that allowed by our then general usury statute, Miss. Code Ann. § 75-17-1(12)(b) (Supp. 1983)[1]. That statute, according to the Benoits, holds that the prepayment penalty on a loan prepaid during its second year cannot exceed four percent of the unpaid principal balance. The parties did not dispute below, nor do they here, that if the Rule of 78ths is controlling, the payoff amount of $41,073.23 was correct and lawful. The Benoits claimed however, that, if Section 75-17-1(12)(b) [75-17-31] applies, they paid $3,034.32 too much.
On May 15, 1985, the Circuit Court entered final judgment for United dismissing the complaint. The Benoits perfected the present appeal.
Happily we are presented no dispute regarding the mathematics of the matter; only a question of law is at issue. The operative section of the Small Loan Regulatory Act, Miss. Code Ann. § 75-67-127(1)(c) (Supp. 1986), at all relevant times provided:
Every licensee shall ... when loans made or handled by a licensee under the provisions of the Small Loan Privilege Tax Law are paid in full prior to maturity, after July 1, 1974, whether by cash, renewal or otherwise, refund to the borrower the finance charge exceeding one dollar ($1.00) calculated on the rule of the sum of the digits, commonly known as the "Rule of 78ths". The refund shall be based and calculated on the number of days by which the loan is paid in advance, less twenty (20) days.
As indicated above, the Benoits do not dispute that, when that statute is applied, the amount necessary to pay off their loan was $41,073.23.
The Benoits' argument that the prepayment restrictions of Miss. Code Ann. § 75-17-1(12)(b) [75-17-31] (Supp. 1986), apply proceeds on the premise that the phrase "no lender or other person," as used in that statute, includes parties such as United licensed under the Small Loan Privilege Tax Law. The argument founders, however, when it is realized that the four percent prepayment penalty limitation applicable to loans generally, originates in the exact same legislative enactment as authorizes small loan prepayment computation according to Rule of 78ths. See Miss. Laws Ch. 564 (1974), originally House Bill No. 819, which became law on July 1, 1974. Specifically, Section 1 of Chapter 564 at page 801 contains the now codified statutory language here invoked providing the limitation on prepayment penalty, while Section 4 at page 803 contains the language quoted above providing for the Rule of 78ths method of computation where prepayment is made on a loan from one licensed under the Small Loan Privilege Tax Act.
At least two other portions of Chapter 564, Laws of 1974, expressly contain exemptions from provisions of the general usury statute for loans or extensions of credit made by a licensee under the Small Loan Regulatory Act, etc. See Chapter 564, § 1, amending § 75-17-1(7) and (9). Perhaps it would have been better if Section 4 of Chapter 564, which amends code section 75-67-127(1) would have contained a similar provision, but taking the enactment, Chapter 564, as a whole and proceeding on the here reasonable assumption that the legislature devised a rational and non-contradictory *198 scheme, it appears without serious doubt, that the Rule of 78ths method of computation applies and is all sufficient in the case at bar. See McCaffrey's Food Market, Inc. v. Mississippi Milk Commission, 227 So.2d 459, 463 (Miss. 1969); Bridges v. Barr, 245 Miss. 137, 141-42, 146 So.2d 544, 545 (1962); Kellum v. Johnson, 237 Miss. 580, 586, 115 So.2d 147, 150 (1959).
Moreover, we have recognized as a principle of statutory construction that, in the event of apparent conflicts, statutes dealing specifically with a matter are to be preferred over those of a more general nature. In Lincoln County v. Entrican, 230 So.2d 801 (Miss. 1970) we stated
The rule is well established that where a special and particular statute deals with a special and particular subject its particular terms as to that special subject control over general statutes dealing with the subject generally.
230 So.2d at 804; McCaffrey's Food Market, Inc. v. Mississippi Milk Commission, 227 So.2d 459, 463 (Miss. 1969). The Small Loan Privilege Tax Act and the Small Loan Regulatory Act are special and particular statutes which under this canon of construction control over the general usury statute in the event conflicts be found between the two.
Beyond this, the argument is made with some force that the payoff figure given by United to the Benoits did not include a prepayment penalty.[2] We consider it the better part of valor, however, not to become engaged in the semantics of what is and what is not a prepayment penalty. The fact is that the payoff amount was computed consistent with the Rules of 78ths method authorized by Section 75-67-127(1)(c) and, as such, was wholly lawful. Only to the extent that Section 75-17-1(12)(b) [75-17-31] conflicts with Section 75-67-127(1)(c), the former statute is inoperative and of no effect.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] Miss. Code Ann. § 75-17-1(12)(b) (Supp. 1983) has been recodified as Miss. Code Ann. § 75-17-31 (Supp. 1986).
[2] The Benoits' loan was a precomputed loan whereby the finance charges added to the principal amount financed resulted in a sum which represented the total amount of the debt. That amount was then divided into periodic installments without allocation between principal and interest. United argues that Rule of 78ths is merely a statutorily authorized method for computing the unearned finance charge and pre-maturity payoff amount in the case of such a precomputed installment loan. Indeed, United suggests that Section 75-17-1(12)(b), properly construed, would have allowed a four percent prepayment penalty over and above the $41,073.23 actually paid. We need not address the point, as United has in fact made no attempt to exact from the Benoits any such penalty.