641 So.2d 1124 (1994)
Martha K. LENOIR
v.
MADISON COUNTY, Board of Supervisors of Madison County, Mississippi, and Madison County Tax Assessor's Office.
Nos. 93-CA-00252, 93-CA-00253.
Supreme Court of Mississippi.
August 4, 1994.
*1125 Harris H. Barnes, III, William E. Dossett, John V. Eskrigge, Dossett Goode Barnes & Broom, Jackson, for appellant.
G. Dewey Hembree III, C.R. Montgomery, Montgomery Smith-Vaniz & McGraw, Canton, for appellees.
Before DAN M. LEE, P.J., and PITTMAN and JAMES L. ROBERTS, Jr., JJ.
DAN M. LEE, Presiding Justice, for the Court:
Martha K. Lenoir appeals from two Madison County Circuit Court judgments dated February 11, 1993, dismissing her complaints based upon lack of subject matter jurisdiction. We reverse, holding that: (1) Miss. Code Ann. § 11-51-77 (1972), governs appeals to the circuit court from decisions of the county board of supervisors regarding tax matters; and (2) that statute does not require that a bill of exceptions be filed as a prerequisite to the circuit court obtaining subject matter jurisdiction over such matters.

I.
The appeals sub judice are comprised of two complaints from the Madison County Circuit Court in which the plaintiff and defendants of the first case were identical to those of the second case.[1] Additionally, the substance of both complaints, involving allegations of improper tax assessments, is substantially the same. The appeals have been consolidated for our consideration because, upon dismissal by the lower court, the two cases were in the same procedural posture and pose the identical question of law on appeal.
Since the underlying complaints were dismissed prior to trial, the record before this Court does not include a trial transcript. Additionally, the lower court judge made extremely limited findings, as reiterated supra. Therefore, other than the fact that no Bill of Exceptions was filed, limited facts are available. Regardless, the appeal sub judice turns on a question of law; whether the filing of a bill of exceptions is a prerequisite to an appeal to the circuit court from an adverse decision of the county board of supervisors.

II.
In her complaints, the appellant, Martha K. Lenoir ("Lenoir"), alleged that approximately forty-eight (48) acres of property owned by her was improperly denied agricultural use valuation and assessed with taxes incorrectly. The property is comprised of three parcels of land, in close proximity to each other, located in the City of Madison, Madison County, Mississippi, east of Highway 51, south of Hoy Road, north of Main Street, and west of Old Canton Road.
The subject property is some of the earliest land used for farming purposes in Madison County. Lenoir alleged that, since her family acquired the property, over forty (40) years ago, the subject property has continually been granted agricultural use valuation and the ad valorem taxes on the property have been only a few hundred dollars per year, up to the year 1990. Because of the denial of agricultural use valuation, Lenoir's ad valorem taxes have risen to approximately $95,000.00 per year.
According to Lenoir's allegations, the subject property should have maintained agricultural use valuation for the tax years 1991 and 1992, resulting in lower tax assessments. Lenoir petitioned the Madison County Board of Supervisors for relief, requesting a correction in the taxes assessed, as well as the denial of agricultural land use valuation, in accordance with Miss. Code Ann. § 27-35-119 (1972). However, on September 25, 1992, Lenoir's first petition was denied by the Madison County Board of Supervisors. Lenoir followed by posting the required bond and filing the first of two complaints in circuit court on October 5, 1992, seeking a reduction in the taxes assessed against her property.
*1126 The facts underlying the second complaint were much the same as those of the first. On March 30, 1992, Lenoir sought agricultural use valuation status on her property by filing an application with the Madison County Tax Assessor's Office. Her application was denied by the Madison County Board of Supervisors on August 7, 1992. Subsequently, on October 16, 1992, the Madison County Board of Supervisors entered its approval of the assessment roll by the State Tax Commission. Lenoir followed, filing her second complaint on October 26, 1992, in the Madison County Circuit Court, seeking a reduction in real property taxes.
In each complaint, Lenoir was the plaintiff, and she named the same four (4) defendants, as follows:
(1) Madison County;
(2) Board of Supervisors of Madison County, Mississippi;
(3) Madison County Tax Assessor's Office; and,
(4) Ed Buelo, Jr., Commissioner, Mississippi State Tax Commission.
Madison County moved the lower court to dismiss each lawsuit on the ground of lack of subject matter jurisdiction. Additionally, Ed Buelo, Jr., Commissioner, Mississippi State Tax Commission, made a motion to dismiss each complaint based upon other grounds. On April 11, 1993, the lower court dismissed both of Lenoir's complaints, finding that:
(1) Madison County had filed its "Motion for Dismissal" pursuant to M.R.C.P. 12, alleging lack of jurisdiction by the court;
(2) No Bill of Exceptions had been filed by Lenoir in either action;
(3) Pursuant to the cases of McIntosh v. Amacker, 592 So.2d 525 (Miss. 1991); Moore v. Sanders, 569 So.2d 1148 (Miss. 1990); Shannon Chair Company v. City of Houston, 295 So.2d 753 (Miss. 1974), a Bill of Exceptions is the only means to appeal from an Order of the Board of Supervisors; and
(4) Absent a timely filing of a Bill of Exceptions, the circuit court lacked jurisdiction to consider the appeal.
Subsequently, on April 22, 1993, the circuit court judge executed two additional orders dismissing the complaints against Ed Buelo, Jr., Chairman, Mississippi State Tax Commission. Apparently, the last two orders amounted to a ruling on the outstanding motions to dismiss made on behalf of Ed Buelo, Jr., Chairman, Mississippi State Tax Commission, even though the complaints had been dismissed for lack of subject matter jurisdiction.

III.
Aggrieved, Lenoir filed her notice of appeal for both cases. She states only one (1) issue on appeal, as follows:
Whether the general statute (Miss. Code Ann. § 11-51-75) relating to the appeal of decisions of the Board of Supervisors to the Circuit Court is appropo in this matter, when the specific statute (Miss. Code Ann. § 11-51-77, 1972) relating to the appeal of decisions of the Board of Supervisors regarding assessment of taxes does not require the filing of a Bill of Exceptions, or whether the filing of a Bill of Exceptions, as alluded to in McIntosh v. Amacker, 572 So.2nd [sic] 525 Miss. 1991 [sic] is required.
The issue on appeal poses a question of law  whether filing a complaint with the Circuit Court of Madison County vested that court with subject matter jurisdiction over issues regarding tax assessments, or whether a bill of exceptions was required to be filed with the circuit court as a prerequisite to acquisition of subject matter jurisdiction. That question requires a determination of whether the specific statute, which governs appeals from decisions of the board of supervisors regarding assessment of taxes, controls the general statute, which generally addresses appeals to the circuit court from decisions of the board of supervisors. The appellees, Madison County, Board of Supervisors of Madison County, Mississippi, and Madison County Tax Assessor's Office (collectively "Madison County"), assert that all decisions of the board of supervisors appealed to the circuit court require a bill of exceptions to be filed in accordance with the general statute. On the other hand, Lenoir contends that, pursuant to the specific statute, a *1127 bill of exceptions is not required if the decision of the board of supervisors which is appealed concerns matters of tax assessment.

A.
The general statute at issue is Miss. Code Ann. § 11-51-75 (1972). It is titled and reads as follows:
§ 11-51-75. Appeal to circuit court from board of supervisors, municipal authorities.
Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment. If the judgment be reversed, the circuit court shall render such judgment as the board of municipal authorities ought to have rendered, and certify the same to the board of supervisors or municipal authorities. Costs shall be awarded as in other cases. The board of supervisors or municipal authorities may employ counsel to defend such appeals, to be paid out of the county or municipal treasury. Any such appeal may be heard and determined in vacation in the discretion of the court on motion of either party and written notice for ten (10) days to the other party or parties or the attorney of record, and the hearing of same shall be held in the county where the suit is pending unless the judge in his order shall otherwise direct.
Provided, however, that no appeal to the circuit court shall be taken from any order of the board of supervisors or municipal authorities which authorizes the issuance of sale of bonds, but all objections to any matters relating to the issuance and sale of bonds shall be adjudicated and determined by the chancery court, in accordance with the provisions of sections 31-13-5 to 31-13-11, both inclusive, of the Mississippi Code of 1972. And all rights of the parties shall be preserved and not foreclosed, for the hearing before the chancery court, or the chancellor in vacation. Provided, further, nothing in this section shall affect pending litigation.
Miss. Code Ann. § 11-51-75 (1972) (emphasis added).
The title and language of the specific statute under consideration appears below:
§ 11-51-77. Appeal from assessment of taxes  attorney general, district attorney, county attorney may appeal.

Any person aggrieved by a decision of the board of supervisors or the municipal authorities of a city, town or village, as to the assessment of taxes, may, within ten days after the adjournment of the meeting at which such decision is made, appeal to the circuit court of the county, upon giving bond, with sufficient sureties, in double the amount of the matter in dispute, but never less than one hundred dollars, payable to the state, and conditioned to perform the judgment of the circuit court, and to be approved by the clerk of such board, who, upon the filing of such bond, shall make a true copy of any papers on file relating to such controversy, and file such copy certified by him, with said bond, in the office of the clerk of the circuit court, on or before its next term. The controversy shall be tried anew in circuit court at the first term, and be a preference case, and, if the matter be decided against the person who appealed, judgment shall be rendered on the appeal bond for damages at the rate of ten per centum on the amount in controversy and all costs. If the matter be decided in favor of the person who appealed, judgment in his favor shall be certified to the board of supervisors, or the municipal authorities, as the case may be, which shall conform thereto, and shall pay the costs. The county attorney, the district attorney, *1128 or the attorney general, if the state, county or municipality be aggrieved by a decision of the board of supervisors or the municipal authorities of a city, town, or village as to the assessment of taxes, may, within twenty days after the adjournment of the meeting at which such decision is made, or within twenty days after the adjournment of the meeting at which the assessment rolls are corrected in accordance with the instructions of the state tax commission, or within twenty days after the adjournment of the meeting of the board of supervisors at which the approval of the roll by the state tax commission is entered, appeal to the circuit court of the county in like manner as in the case of any person aggrieved as hereinbefore provided, except no bond shall be required, and such appeal may be otherwise governed by the provisions of this section.
Miss. Code Ann. § 11-51-77 (1972) (emphasis added).
Miss. Code Ann. § 11-51-75 (1972), specifically states that an appeal pursuant to its terms may be effectuated by filing a bill of exceptions, and that statute explicitly mentions the phrase "bill of exceptions" three times. Contrarily, Miss. Code Ann. § 11-51-77 (1972), is silent with regard to the filing of a bill of exceptions; absolutely no mention is made of the phrase "bill of exceptions" in that statute. But, Miss. Code Ann. § 11-51-77 (1972), requires the posting of a bond, and that requirement was satisfied by Lenoir.
Under both statutes, a common prerequisite to appealing a decision of the board of supervisors exists. The appeal to the circuit court must be made within ten (10) days after the board of supervisors adjourns the session in which the adverse decision was rendered. In the case sub judice, the ten-day time limit of Miss. Code Ann. § 11-51-75 (1972), is of no import because Lenoir does not claim to have filed a bill of exceptions pursuant to that statute, within ten days or otherwise. Instead, she claims that Miss. Code Ann. § 11-51-77 (1972), controls the general statute and it only requires that the appeal to the circuit court be commenced within ten days after the adverse decision from the board of supervisors. Lenoir complied with that initial prerequisite of a ten-day filing period by filing her first complaint on October 5, 1992, after an adverse decision rendered by the Board of Supervisors on September 25, 1992. Additionally, Lenoir's second complaint was timely filed as well. That complaint was filed on October 26, 1992, after the October 16, 1992, action of the Board of Supervisors approving the 1992 assessment roll. As a consequence, the initial procedural impediments under Miss. Code Ann. § 11-51-77 (1972), were cleared by Lenoir.

B.
We have acknowledged that bills of exception are creatures of statute, not derived from the common law. "The purpose of a bill of exceptions is to bring the proceedings before the tribunal to the court to enable that court to determine whether the tribunal acted properly with reference to what was before it." McIntosh v. Amacker, 592 So.2d 525, 528 (Miss. 1991) (Banks, J., concurring in part, dissenting in part) (emphasis added).
Pursuant to Miss. Code Ann. § 11-51-77 (1972), cases appealed to the circuit court from the board of supervisors are tried "anew." That is to say, such cases are tried "de novo" by the circuit court. Accordingly, logic would imply that, in appealed tax matters, a bill of exceptions is not necessary for the circuit court since the proceedings of the board of supervisors are not in issue, only the decision of the board of supervisors is reviewed.
However, logic does not always rule the day, nor legislative intent. Whenever potentially conflicting statutes are at issue, as in the case sub judice, in order to ascertain legislative intent, we employ rules of statutory construction and look to stare decisis for guidance.
In that regard, we acknowledge the longstanding rule of statutory construction that the terms of a specific statute control the terms of a general statute. We recently commented on that well-settled point of law in Townsend v. Estate of Gilbert, 616 So.2d 333 (Miss. 1993). There, we stated that:

*1129 This Court has recognized that a specific statute will control over a general one. Benoit v. United Companies Mortg. of Miss., 504 So.2d 196 (Miss. 1987). In Benoit, this Court stated:
"[sic] Moreover, we have recognized as a principle of statutory construction that, in the event of apparent conflicts, statutes dealing specifically with a matter are to be preferred over those of a more general nature. In Lincoln County v. Entrican, 230 So.2d 801 (Miss. 1970) we stated [sic]
The rule is well established that where a special and particular statute deals with a special and particular subject its particular terms as to that special subject control over general statutes dealing with the subject generally.
230 So.2d at 804; McCaffrey's Food Market, Inc. v. Mississippi Milk Commission, 227 So.2d 459 (Miss. 1969).
504 So.2d at 198... . Therefore, we find that the specific statute of § 15-1-25 preempts the general statute of § 15-1-49.
Townsend v. Estate of Gilbert, 616 So.2d 333, 335 (Miss. 1993) (emphasis added).
Therefore, it would appear that the existence of the requirement of filing a bill of exceptions as required by the general statute, Miss. Code Ann. § 11-51-75 (1972), juxtaposed with the absence of such a requirement in the specific statute, Miss. Code Ann. § 11-51-77 (1972), indicates the legislature's intent not to require the filing of a bill of exceptions as a prerequisite to an appeal to the circuit court from an adverse decision of the board of supervisors, if a § 11-51-77 assessment of taxes is the subject of the appeal. But, that does not end our inquiry into the effect of rules of statutory construction; other rules of construction, if applicable, could require a contrary conclusion.
Thus, we must also analyze the impact and interplay of pari materia and "statutory silence." As this Court previously explained:
A second axiom of statutory construction holds that when two statutes pertain to the same subject, they must be read together in light of legislative intent. In McCaffrey's Food Market, 227 So.2d at 463, we stated:
It is ... a rule of law that in its effort to construe a statute the courts must seek to ascertain legislative intent of the statute in question as a whole, taking into consideration each provision of the statute on the entire subject.
Wilbourn v. Hobson, 608 So.2d 1187, 1191 (Miss. 1992) (citations omitted). Since § 11-51-75 and § 11-51-77 both concern appeals to the circuit court from decisions of the board of supervisors, pari materia would suggest that they be read together in an effort to determine the mind of the legislature. Based upon that premise, Madison County argues that the general and specific statute should be read conjunctively  the general statute setting out the procedure for appealing to the circuit court, and the language of the specific statute specifying the issues which can be appealed, but not contradicting the appellate procedure outlined by the general statute.
Further statutory analysis leads us to conclude that, in the case sub judice, pari materia should not be used to append requirements to the specific statute based upon the specific statute's silence as to an additional requirement contained within the general statute. Although Miss. Code Ann. § 11-51-75 (1972), may require a bill of exceptions to be filed before jurisdiction is vested with the circuit court, Miss. Code Ann. § 11-51-77 (1972), is silent regarding whether a bill of exceptions is, or is not, required in order to properly appeal a tax assessment decision from the board of supervisors to the circuit court. As illustrated by an earlier case before us, statutory silence does not mandate an inference that the legislature intended that the requirements of the general statute supplement the requirements of the specific statute. There, this Court, addressing voting and ballot issues, stated that:
The crucial question is whether the initialing requirement found in § 23-15-541 applies to affidavit ballots despite § 23-15-573's silence on the subject. We hold that it does not.
It is well settled that when construing two statutes that encompass the same subject *1130 matter, a specific statute will control over a general one. Andrews v. Waste Control, Inc., 409 So.2d 707, 713 (Miss. 1982); see Benoit v. United Companies Mortgage of Mississippi, 504 So.2d 196, 198 (Miss. 1987); Martin v. State, 501 So.2d 1124, 1127 (Miss. 1987); State ex rel. Pair v. Burroughs, 487 So.2d 220, 226 (Miss. 1986); Carleton v. State, 438 So.2d 278, 279 (Miss. 1983); Burress v. State, 431 So.2d 1117, 1118 (Miss. 1983); Bence v. State, 240 So.2d 630, 631 (Miss. 1970); McCaffrey's Food Market, Inc. v. Mississippi Milk Comm'n, 227 So.2d 459, 463 (Miss. 1969); McCrory v. State, 210 So.2d 877, 877 (Miss. 1968); see also 1 Sutherland, Statutory Construction § 2022 (3d ed. 1943). There is no question in the instant case but that § 23-15-541 is of a general scope while § 23-15-573 is specific. Section 23-15-541 prescribes the procedure for handling paper ballots generally; § 23-15-573 establishes the procedure for managing affidavit ballots in particular. Although paper ballots, as a general rule, must be initialed, the specific statute does not require it. The specific statute controls.

Wilbourn v. Hobson, 608 So.2d 1187, 1191 (Miss. 1992) (emphasis added).
In the case sub judice, statutory analysis suggests that Miss. Code Ann. § 11-51-75 (1972), applies generally to decisions of the board of supervisors appealed to the circuit court, while Miss. Code Ann. § 11-51-77 (1972), specifically addresses the subject matter of this appeal  tax assessments. While the general statute, § 11-51-75, may require that a bill of exceptions be filed before the circuit court is vested with jurisdiction, the specific statute, § 11-51-77, contains no such requirement. Therefore, as in Wilbourn, the rules of statutory construction indicate that the specific statute should control, and the requirements of the general statute should not dictate additional requirements as to which the specific statute is silent.

C.
Statutory analysis, though an invaluable tool, does not end the process. We must also consider our prior cases which have interpreted the statutory language under consideration.
Cases clarifying the relationship between the antecedent statutes to §§ 11-51-75 and 11-51-77 are instructive. The corresponding antecedent statutes from the Code of 1892 are as follows:

 Code of 1972 Code of 1892
 § 11-51-75 § 79
 § 11-51-77 § 80

In Jennings v. Board of Sup'rs of Coahoma County, 79 Miss. 523, 31 So. 107 (1902), we previously addressed the issue of whether § 79 or § 80 controlled appeals to the circuit court from decisions of the board of supervisors which involve issues of tax assessments. In Jennings, the taxpayer's petition to correct an overassessment was rejected by the board of supervisors. The taxpayer appealed to the circuit court under § 80 of the Code of 1892, but the circuit court dismissed the taxpayer's appeal because it was not taken under § 79 of the Code of 1892. We held that the circuit court erred, stating that:
We think the court erred. Section 80 applies specifically to appeals relating to taxes, while section 79 applies to all other cases; and, if section 80 does not apply in this matter, it is a useless provision of law, and such a result is not to be imputed to the legislature... .

Section 80, Code of 1892, governs the method of an appeal from the board of supervisors to the circuit court where a tax matter is involved; and the judgment of the circuit court is reversed, and the case is remanded.
Jennings, 79 Miss. at 525-27, 31 So. at 107 (emphasis added).
Based upon the holding in Jennings, Section 80, Code of 1892, controlled Section 79, Code of 1892, and governed the method of appeal from the board of supervisors to the circuit court when a tax matter was involved. That holding would indicate that, today, Miss. Code Ann. § 11-51-77 (1972) (previously Section 80, Code 1892), would control Miss. Code Ann. § 11-51-75 (1972) (previously Section 79, Code 1892), and would govern the method of appealing to the circuit court from decisions of the board of supervisors *1131 whenever tax matters are involved. Since in the case sub judice, the decision which Lenoir appealed to the circuit court from the board of supervisors involved a tax matter, Miss. Code Ann. § 11-51-77 (1972), should control the method of appeal. Accordingly, § 11-51-77 does not require that a bill of exceptions be filed as a prerequisite to appealing to the circuit court.

D.
However, the bill of exceptions requirement was specifically discussed in McIntosh v. Amacker, 592 So.2d 525 (Miss. 1991). Looking at the language of McIntosh in a vacuum, a bill of exceptions is required to be filed before the circuit court may be vested with subject matter jurisdiction over appeals from decisions of the board of supervisors. There, this Court stated that:
[P]rocedural uniformity impels a rule requiring a bill of exceptions prerequisite to vesting the circuit court with subject matter jurisdiction in all appeals from boards of supervisors, regardless of the issues presented.
McIntosh argues that his appeal was not prosecuted under Miss. Code Ann. § 11-51-75 (1972), but under Miss. Code Ann. § 65-7-67 (1972), and therefore, the general statute does not apply. We find nothing in section 65-7-67 negating the necessity of a bill of exceptions as prescribed by section 11-51-75.
McIntosh v. Amacker, 592 So.2d 525, 527 (Miss. 1991). But, we do not operate in a vacuum, and as explained below, McIntosh did not address Miss. Code Ann. § 11-51-77 (1972). The language of McIntosh should be read in light of the interaction between Miss. Code Ann. § 65-7-67 and 11-51-75 (1972); the particular statutes which were the subject of the appeal in McIntosh.
Like Miss. Code Ann. § 11-51-77 (1972), the language of the statute considered in McIntosh, Miss. Code Ann. § 65-7-67 (1991), does not require the filing of a bill of exceptions. But, Lenoir contends that McIntosh is distinguishable, both statutorily and factually. Although McIntosh pertained to an appeal from proceedings of the board of supervisors regarding public road construction right-of-ways, pursuant to Miss. Code Ann. § 65-7-67 (1991), the case sub judice concerns a § 11-51-77 tax assessment issue. Lenoir asserts that, according to Miss. Code Ann. § 65-7-67 (1991), the circuit court only "reviews" matters of law appealed from the decisions of the board of supervisors, but, Miss. Code Ann. § 11-51-77 (1972), diverges from that standard by requiring trial "de novo" of all matters, both law and fact. See Knox v. L.N. Dantzler Lumber Co., 148 Miss. 834, 114 So. 873 (1927).
The statutory distinction averred by Lenoir is not completely accurate. Although Miss. Code Ann. § 65-7-67 (1991), does empower the circuit court to review matters of law appealed under that statute, it also provides that the case may be tried "anew" on the question of damages, just as all matters are tried "anew" under Miss. Code Ann. § 11-51-77 (1972). Therefore, McIntosh and Miss. Code Ann. § 65-7-67 (1991), cannot be totally distinguished on the basis of the standards of review, as contended by Lenoir.
The jurisdictional issue addressed in McIntosh was similar to the issue under consideration in the case sub judice. McIntosh determined that, in that particular case, the general statute, Miss. Code Ann. § 11-51-75 (1972), controlled the specific statute, Miss. Code Ann. § 65-7-67 (1991), although the latter statute provided the procedure for appealing to the circuit court from a decision of the board of supervisors. That procedure, outlined in § 65-7-67, does not require that a bill of exceptions be filed as a prerequisite to appealing to the circuit court. Nevertheless, this Court stated that, "[t]he bill of exceptions required by the general statute is necessary to vest the circuit court with appellate jurisdiction." McIntosh, 592 So.2d at 528.
The holding of the McIntosh opinion was grounded on a desire for procedural uniformity of appeals to the circuit court from decisions of the board of supervisors involving § 65-7-67 issues of public road construction right-of-ways. Prior to McIntosh, an appeal of a decision of the board of supervisors to the circuit court regarding § 65-7-67 public road construction right-of-ways could be accomplished by two methods; one of which required that a bill of exceptions be *1132 filed, and the other method which rendered a bill of exceptions unnecessary.
The dichotomous methods for appealing issues concerning public road construction right-of-ways arose out of the holding of an early case before this Court. In Evans v. Sharkey County, 89 Miss. 302, 42 So. 173 (1906), this Court held that it was not necessary to file a bill of exceptions where the purpose of the appeal was to have a jury assess damages for land taken for a public road, and that it was necessary to file such a bill of exceptions only when it was desired that a matter of law be reviewed. As a consequence, two inconsistent methods of appealing a § 65-7-67 issue existed, and the "purpose" of the appeal (i.e., question of damages or question of law) was the factor which determined which method would be employed and whether a bill of exceptions was necessary.
In order to rectify the procedural anomaly allowed by Evans, the subsequent holding in McIntosh required that a bill of exceptions be filed when a § 65-7-67 issue is appealed from the board of supervisors to the circuit court, regardless of whether the purpose of the appeal is to review a question of fact or a matter of law. To leave no doubt of its intended purpose, McIntosh explicitly overruled Evans, insofar as Evans allowed a § 65-7-67 issue to be appealed from a decision of the board of supervisors to the circuit court without the filing of a bill of exceptions. By overruling Evans, we eliminated the then-existing inconsistency between Evans and this Court's subsequent cases of Moore v. Sanders, 569 So.2d 1148 (Miss. 1990), Shannon Chair Co. v. City of Houston, 295 So.2d 753 (Miss. 1974), Cox v. Board of Supervisors of Madison County, 290 So.2d 629 (Miss. 1974), City of Jackson v. Varia, Inc., 241 Miss. 705, 133 So.2d 16 (1961), and Reed v. Adams, 236 Miss. 333, 111 So.2d 222 (1959).
Consequently, McIntosh did not overrule Jennings and it does not support Madison County's contention that a bill of exceptions is required to be filed when a § 11-51-77 tax matter is appealed to the circuit court from a decision of the board of supervisors. McIntosh was intended to eliminate the Evans dual appellate procedure for appealing § 65-7-67 issues by prospectively requiring the filing of a bill of exceptions when an appeal is taken to the circuit court from a decision of the board of supervisors, regardless of the nature of the issue appealed.

IV.
Lenoir's quandary is not the result of a lack of diligence. Her attorneys timely filed appeals to the circuit court from decisions of the board of supervisors. The question is simply whether Lenoir followed the correct procedure, thereby vesting the circuit court with subject matter jurisdiction over her appeals.
The well-settled principles of statutory construction require recognition of the fact that the specific statute, § 11-51-77, controls the general statute, § 11-51-75. Further, our holding in Jennings, that the antecedent statute to Miss. Code Ann. § 11-51-77 (1972), governs the method of appealing to the circuit court from the board of supervisors, where a tax matter is involved, is dispositive of the outcome in the case sub judice. Jennings is precedential authority compelling us to conclude that Lenoir complied with the mandates of the governing statute, the specific statute, Miss. Code Ann. § 11-51-77 (1972), by timely filing her complaints with the circuit court, thereby vesting that court with subject matter jurisdiction over those two cases.
Therefore, we reverse and remand, holding that, as a matter of law, Miss. Code Ann. § 11-51-77 (1972), controls Miss. Code Ann. § 11-51-75 (1972), and, consequently, where a tax matter is involved, the filing of a bill of exceptions is not a prerequisite to vesting the circuit court with subject matter jurisdiction over appeals to the circuit court from decisions of the board of supervisors.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
BANKS, J., not participating.
NOTES
[1] Madison County Circuit Court Civil Action No. 3942 and No. 3949.