# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CA-00804-SCT

*NRG WHOLESALE GENERATION LP f/k/a*
*GENON WHOLESALE GENERATION, LP*

*v.*

*LORI P. KERR, IN THE OFFICIAL CAPACITIES*
*OF TAX ASSESSOR AND COLLECTOR OF*
*CHOCTAW COUNTY, MISSISSIPPI, AND*
*CHOCTAW COUNTY, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/27/2017 |
| TRIAL JUDGE: | HON. GEORGE M. MITCHELL, JR. |
| TRIAL COURT ATTORNEYS: | SHELDON G. ALSTON |
| | PETER J. CROSSETT |
| | PAUL H. STEPHENSON, III |
| | PEYTON D. PROSPERE |
| | KASEY CAROL BURNEY |
| | LOUIS G. FULLER |
| | WILLIAM F. GOODMAN, JR. |
| | SCOTT FULLER SINGLEY |
| COURT FROM WHICH APPEALED: | CHOCTAW COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOSEPH ANTHONY SCLAFANI |
| | SHELDON G. ALSTON |
| | PETER J. CROSSETT |
| ATTORNEYS FOR APPELLEES: | PAUL H. STEPHENSON, III |
| | PEYTON D. PROSPERE |
| | KASEY CAROLBURNEY |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY/OTHER |
| DISPOSITION: | AFFIRMED - 12/06/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., CHAMBERLIN AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. The main issue presented by this case is whether NRG Wholesale Generation's proffered expert used an acceptable method to determine the "true value" of its power plant in computing ad valorem tax. NRG's expert used a mixture of the sales-comparison approach, the income approach, and the cost approach to determine the true value of the facility. Lori P. Kerr, the tax assessor for Choctaw County, and Choctaw County, Mississippi (collectively, the "County"), contend that Mississippi law mandates a trended historical cost-less-depreciation approach to calculate the true value of industrial personal property.[1] The circuit court found in favor of the County and excluded NRG's proffered expert testimony. NRG claims the circuit court abused its discretion.

¶2. NRG also argues that the circuit court erred in denying its motion to change venue. NRG asserts that, because many of the jurors *knew* the county officials named as defendants in this case, a fair trial in Choctaw County was impossible.

¶3. We hold that the Mississippi Department of Revenue (the "DOR") regulation controlled and that NRG's expert applied an unacceptable method to determine true value. Therefore, the circuit court did not err in excluding NRG's proffered expert testimony. Additionally, because NRG was afforded a fair and impartial jury, the circuit court did not abuse its discretion in denying the motion to change venue. We affirm the judgment of the circuit court.

**FACTS AND PROCEDURAL HISTORY**

---

[1] NRG's power plant is classified as industrial personal property for taxation purposes. The classification is not in dispute.

¶4.     NRG owns a power plant located in Choctaw County.  In calculating the ad valorem

tax, the Choctaw County Tax Assessor determined that the true value of the facility was

$467,213,070.  Having itself appraised the true value of the facility at $110,000,000, NRG

appeared before the Choctaw County Board of Supervisors (the "Board") in protest.  Upon

reconsideration, the Board discovered a calculation error and found that the true value of the

facility was actually $559,974,970, or $92,761,900 more than the tax assessor's initial

valuation.  NRG appealed.

¶5.     NRG designated Mark R. Simzyk as its valuation expert and submitted his report.  In

calculating the true value of the facility, Simzyk first determined the value of the facility

under the sales-comparison approach, the income approach, and the cost approach.[2]  He then

reconciled the three results, finding the true value of the facility to be $180,000,000.

¶6.     After the close of discovery, the County moved to exclude Simzyk's expert testimony.

The County argued that Simzyk utilized methods for determining the true value of industrial

personal property different from the method mandated by state law and regulation.  NRG

countered that, since the circuit court must hear NRG's tax appeal anew, Simzyk's appraisal

would assist in determining the true value of the facility.  NRG asserted that the County

---

        [2]  The sales-comparison approach determines value by analyzing "recent sales of
comparable property"; Simzyk did not find sufficient comparable-sales data to value the
facility. The income approach relies on estimates of gross income, "consider[ing] risk,
availability of financing, and current market conditions"; Simzyk determined the value of
the facility under the sales-comparison approach to be $167,300,000.  Value under the cost
approach is determined by calculating the "amount currently required to erect or construct
a new plant of equal utility," less physical deterioration, functional obsolescence, and
economic obsolescence; Simzyk found the facility under the cost approach to be
$207,400,000.

ignored the clear language of Mississippi Code Section 27-35-50 (Rev. 2017), which defines "true value" as encompassing all approaches to value.

¶7.     In its order granting the County's motion to exclude Simzyk's expert testimony, the circuit court noted that no DOR regulations allowed a taxpayer to use a method other than the one prescribed by state law and regulation.  Allowing Simzyk to testify to an appraisal based on a method other than the method prescribed by the DOR would contradict the guidelines established for expert witnesses, such as *Daubert v. Merrell Dow Pharmacuticals, Inc.*, 509 U.S. 579, 582, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 145, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999).  NRG's petition to this Court for permission to file an interlocutory appeal was denied.

¶8.     Trial was set and a ninety-one person venire was empaneled.  When asked by the circuit court, seventy-two members of the venire admitted they knew the tax assessor.  Following the court's voir dire examination, NRG moved for a change of venue, contending that most of the venire knew the tax assessor.  In response, the County pointed out that knowing a party is different from being biased.  The circuit court took the motion under advisement to be renewed at the close of voir dire.  Upon renewal, the circuit court overruled NRG's motion for a change of venue.  The circuit court concluded that a majority of the venire could be fair and that those who could not were to be struck for cause.[3]  A twelve-member jury with two alternates was sworn in.  After a four-day trial, the jury found for the

---

[3] Every prospective juror NRG moved to be struck for cause was excluded by the circuit court.

4

County.  The circuit court entered judgment on March 27, 2017, awarding the County $533,827.80 together with 8 percent interest per year.  NRG timely appealed.

## DISCUSSION

### I.  Expert Testimony

¶9.  This Court reviews the admission or exclusion of expert testimony for an abuse of discretion.  But this matter involves an alleged departure from the proper legal standard for determination of value, which is a question of law; "[i]t is well-settled that questions of law are to be reviewed de novo."  ***Madison HMA, Inc. v. St. Dominic-Jackson Mem'l Hosp.***, 35 So. 3d 1209, 1215 (Miss. 2010).

### A.  Legal Standard for Valuation

¶10.  Taxation falls within the purview of the Legislature.  The Mississippi Constitution provides,

> All property not exempt from ad valorem taxation shall be taxed at its assessed value.  Property shall be assessed for taxes under general laws, and by uniform rules, and in proportion to its true value . . . .

> The Legislature shall provide, by general laws, the method by which the true value of taxable property shall be ascertained . . . .

> The assessed value of property shall be a percentage of its true value . . . .

Miss. Const. art. 4, § 112.  From this authority, the statute defines true value as "includ[ing], but . . . not limited to, market value, cash value, actual cash value, proper value and value for the purposes of appraisal for ad valorem taxation."  Miss. Code Ann. § 27-35-50(1) (Rev. 2017).  The county tax assessor ascertains the true value of a property by "consider[ing] whenever possible the income capitalization approach to value, the cost approach to value,

and the market data approach to value, as such approaches are determined by the Department of Revenue." Miss. Code Ann. § 27-35-50(2) (Rev. 2017). But Section 27-35-50(2) provides,

> For differing types of categories of property, differing approaches may be appropriate. The choice of the particular valuation approach or approaches to be used should be made by the [tax] assessor upon a consideration of the category or nature of the property, the approaches to value for which the highest quality data is available, and the current use of the property.

*Id.*

¶11. Also, the Legislature granted to the DOR the "power to adopt, amend or repeal" tax regulations. Miss. Code Ann. § 27-35-50(6) (Rev. 2017). For industrial personal property,

> Original acquisition cost new, including all cost associated with installing the equipment in place for production, will be the base for all industrial property. The industry will be classed by utilizing Marshall Valuation Service's manual showing the average life category for the industry. The base cost will be multiplied by the appropriate inflation factor furnished by the [DOR] (from Marshall Valuation Service) based on the age of the item. This calculation will be multiplied by the appropriate percent good depreciation factor (again based on age) that is provided annually by the [DOR].

35-VI Miss. Code R. § 2.08.104 (West, Westlaw through Sept. 2018). The DOR also maintains the Mississippi Appraisal Manual, which "represents the Mississippi Department of Revenue's guidelines for the valuation of real and personal property" and "serve[s] as a comprehensive reference guide for the property tax assessors and appraisers." Department of Revenue Office of Property Tax, *Mississippi Appraisal Manual*, Preface, https://www.dor.ms.gov/Documents/Introduction.pdf (last visited Oct. 11, 2018). The Manual states, "[r]eplacement cost new less depreciation is the preferred method for determining personal property costs in industries," because insufficient sales or market

6

comparisons exist to use the market comparison approach, and the income approach is impractical because of the Department's inability to obtain accurate income information from industries. Department of Revenue Office of Property Tax, *Mississippi Appraisal Manual,* Chapter XI Personal Property, (Nov. 2015), https://www.dor.ms.gov/Documents/Chpt11_PersonalProperty.pdf.

### B. Exclusion of Expert Testimony

¶12. NRG contends the circuit court erred in excluding its proffered expert testimony. It argues that, since this appeal stems from a trial de novo in the circuit court, the DOR regulations do not apply. This Court disagrees. NRG ignores well-established DOR regulations and misinterprets its proffered authorities.

¶13. NRG cites Mississippi Code Section 11-51-77.[4] It provides that "[a]ny person aggrieved by a decision of the board of supervisors . . . as to the assessment of taxes . . . may . . . appeal to the circuit court of the county." Miss. Code Ann. § 11-51-77 (Rev. 2012). Further, "the controversy shall be tried anew in the circuit court." *Id.* NRG principally relies on *Lenoir v. Madison County*, 641 So. 2d 1124, 1132 (Miss. 1994) for its interpretation of Section 11-51-77. In *Lenoir*, this Court held that the requirement of filing a bill of exceptions with the circuit court to appeal the decision of the board of supervisors under Mississippi Code Section 11-51-75 was superseded by the timely filing of a complaint with the circuit court under Section 11-51-77. *Id.* This Court observed that, under Section 11-51-

---

[4] Section 11-51-77 was rewritten in 2018 to incorporate numerical subsections. *See* Miss. Code Ann. § 11-51-77 (Supp. 2018). Because NRG appealed before the effective date of the amendment, all references to Section 11-51-77 will be cited without the numerical subsections.

77, "cases appealed to the circuit court from the board of supervisors are tried 'anew.' That is to say, such cases are tried 'de novo' by the circuit court." *Id.* at 1128. In a trial de novo, "the proceedings of the board of supervisors are not in issue, only the decision of the board of supervisors is reviewed." *Id.*

¶14. NRG is correct that Section 11-57-77 applies and that a tax appeal is tried in the circuit court without consideration of the actions of the tax assessor or board of supervisors. But NRG goes too far in arguing that trying the case anew would exclude not only the proceedings of the board of supervisors, but also the underlying substantive statutes and regulations. The *Lenoir* Court simply stated that a trial de novo requires a new trial by the circuit court. *Id.* The circuit court reviews only the decision of the board of supervisors, not the board's proceedings. *Id.* Nowhere in *Lenoir* does the Court equate "proceedings" with the underlying law or regulations.

¶15. NRG also relies on *Rebelwood, Ltd. v. Hinds County*, 544 So. 2d 1356, 1360 (Miss. 1989). There, this Court cited Mississippi Code Section 27-35-50(2) and discussed the "three statutorily-authorized approaches to value: the cost approach, the income capitalization approach, and the market data or competitive sales approach." *Id.* But NRG fails to consider the rest of the statute, which continues that the DOR determines the approach or approaches used and that, "for differing types of categories of property, differing approaches may be appropriate." Miss. Code. Ann. § 27-35-50(2). *Rebelwood* dealt with a federally subsidized apartment complex, which is classified as Class II real property. *Rebelwood*, 544 So. 2d at 1358. NRG's facility is classified as an industrial personal

property. The entirety of Section 27-35-50(2) makes clear that different classifications of property use different methods of determining true value as determined by the DOR.

¶16.   NRG also cites the **Rebelwood** Court's observation: "Rarely is the day when a competent appraisal may be based on a single approach." But this approach is outdated. After **Rebelwood**, the Legislature enacted Mississippi Code Section 27-35-50(4)(d). This statute mandates that the tax assessor use only one prescribed method, not a combination of methods, to determine the true value of affordable rental housing. Miss. Code. Ann. § 27-35-50(4)(d) (Rev. 2017).   This Court upheld Section 27-35-50(4)(d) as constitutional in **Willow Bend Estates, LLC v. Humphreys County Board of Supervisors**, 166 So. 3d 494 (Miss. 2013).   Like in **Willow Bend**, NRG's expert used a valuation method different from the mandated approach. This Court held that the use of an approach other than the approach prescribed in the statute was not permitted.   **Id.**   Because Section 27-35-50 gives the DOR the exclusive authority to determine the method to be used to calculate true value, the DOR's regulation is mandatory and binding, as was the statute in **Willow Bend**.

¶17.   Because the DOR mandates the use of the trended historical cost-less-depreciation approach to calculate the true value of property classified as industrial personal property (like NRG's facility) and because NRG's expert did not use this mandated approach, the circuit court did not err in excluding NRG's proffered expert testimony.

II.   **Denial of NRG's Motion for a Change of Venue**

¶18.   Whether to grant a motion for a change of venue "lies within the discretion of the trial court."  ***Bayer Corp. v. Reed***, 932 So. 2d 786, 788 (Miss. 2006).  This Court "will not overturn that decision unless the trial court abuses its discretion." ***Id.***

¶19.   NRG argues that the circuit court erred in denying its motion to change venue because a majority of the ninety-one-person venire knew the tax assessor and the Board; therefore, they were not afforded a fair and impartial jury.  We disagree.  As the circuit court noted, "there is a big difference" between merely knowing someone and having a direct connection with them.

¶20.   While it is true that many of the jurors stated they *knew* the tax assessor and the Board, this does not mean that they were biased.  This Court has held, "a person is not incompetent as a juror merely because he knows, or is a neighbor, or an intimate acquaintance of, or on friendly relations with, one of the parties or members of his family." ***Harding v. Estate of Harding***, 185 So. 2d 452, 453 (Miss. 1966).

¶21.   "[U]nder Mississippi law, any person not disqualified under Mississippi Code Annotated Section 13-5-1, who will make oath that he or she is impartial, is competent to sit as a juror."  ***Patton v. State***, 248 So. 3d 763, 767 (Miss. 2018) (quoting ***Archer v. State***, 986 So. 2d 951, 958 (Miss. 2008)).  During voir dire, the circuit court struck every juror that said he or she could not be fair and impartial.  Additionally, every juror NRG challenged for cause was dismissed by the court.  "[J]urors take their oaths and responsibilities seriously, and when a prospective juror assures the court that, despite the circumstance that raises some

10

question as to his qualification, this will not affect his verdict, this promise is entitled to considerable deference." *Id.* at 769 (quoting *Scott v. Ball*, 595 So. 2d 848, 849 (Miss. 1992)).

¶22.    Because the jurors testified under oath that they could be fair and impartial, the circuit court did not err by denying NRG's motion to change venue.

## CONCLUSION

¶23.    This Court finds that NRG's proffered expert testimony used an inappropriate method to determine true value and that NRG was afforded a fair and impartial jury. This Court therefore affirms the judgment of the circuit court.

¶24.    **AFFIRMED.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.**