# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01199-COA

**SHARON LEE, HERBERT LEE JR., AND**           **APPELLANTS**
**PERCY TOASTER**

**v.**

**THE CITY OF BYRAM, MISSISSIPPI**           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/30/2017 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | JANE E. TUCKER |
| ATTORNEYS FOR APPELLEE: | JOHN PRESTON SCANLON JERRY L. MILLS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 05/21/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., TINDELL AND McDONALD, JJ.**

**TINDELL, J., FOR THE COURT:**

¶1. Sharon and Herbert Lee and Percy Toaster (collectively, the Appellants) appeal the judgment of the Hinds County Circuit Court, First Judicial District, which dismissed with prejudice their bill of exceptions seeking judicial review of a rezoning decision by the mayor and board of aldermen (the Board) of the City of Byram (the City). The Appellants raise the following issues: (1) the circuit court erroneously dismissed as untimely their appeal from the Board's decision; (2) clear and convincing evidence failed to support the rezoning; and (3) the rezoning resulted in illegal spot zoning.

¶2.     Upon review, we find the Appellants timely appealed the Board's rezoning decision. We therefore reverse the circuit court's dismissal of the appeal and bill of exceptions as untimely, and we remand this case so the circuit court may consider the merits of the arguments raised in the Appellants' bill of exceptions. Because we reverse and remand on this ground, we decline to address the Appellants' remaining arguments.

## FACTS

¶3.     On January 9, 2014, the Board approved Brett and Joni Huchins's application to rezone a small parcel of land on Siwell Road. The Hutchinses sought to rezone property located at 4149 Siwell Road from agricultural to neighborhood commercial to allow the construction of a dance studio. On January 17, 2014, the Appellants, who live near the rezoned parcel, filed a notice of appeal from the Board's decision. The Appellants also prepared a proposed bill of exceptions, which they attached as an exhibit to their notice of appeal. The Appellants delivered both documents to the city clerk with a letter asking that the clerk provide the bill of exceptions to the mayor for his review and signature and that the City provide the Appellants with copies of various specified documents for their appeal.

¶4.     The Appellants stated in their proposed bill of exceptions that they incorporated by reference all proceedings conducted by the City and all documents filed with the City related to the rezoning application. After receiving all such documents and obtaining the mayor's signature, the Appellants asserted that they would file the bill of exceptions and its attached documents with the court clerk. On February 28, 2014, the City provided several of the requested documents to the Appellants. On March 7, 2014, the City provided the Appellants

with the remaining requested documents.

¶5. The record reflects that the next filing in the matter occurred on September 25, 2015, when the City filed a motion to dismiss. The City argued that the Appellants failed to properly and timely file their bill of exceptions. The Appellants responded to the City's motion. In addition to their response, the Appellants filed a second bill of exceptions, this time with the circuit court. This second bill of exceptions was also unsigned by the mayor, and it recounted additional details about the matter that had occurred in the interim between the filing of the first and second bills of exceptions. The City subsequently filed a rebuttal in support of its motion to dismiss. As exhibits to its rebuttal, the City attached a certified copy of (1) the Board's January 9, 2014 meeting minutes; (2) the rezoning ordinance the Board adopted; (3) the notice of the public hearing before the Planning and Zoning Commission (the Commission) on the rezoning request; (4) the Commission's factual findings and written recommendation to the Board regarding the rezoning application; and (5) the Commission's meeting minutes.

¶6. Following a hearing on the City's motion to dismiss, the circuit court found the Appellants failed to timely file their bill of exceptions. The circuit court therefore dismissed with prejudice both the Appellants' notice of appeal and their bill of exceptions. The Appellants filed an unsuccessful motion for reconsideration. Aggrieved, they appeal.

**STANDARD OF REVIEW**

¶7. We review de novo the circuit court's grant of a motion to dismiss. *Latham v. Johnson*, 262 So. 3d 569, 577 (¶39) (Miss. Ct. App. 2018).

3

**DISCUSSION**

¶8. The Appellants argue the circuit court erroneously dismissed as untimely their appeal from the Board's rezoning decision. At the time the Appellants filed their notice of appeal and proposed bill of exceptions with the city clerk, the Mississippi Supreme Court had not yet decided *City of Jackson v. Allen*, 242 So. 3d 8 (Miss. 2018), which overruled *Bowen v. DeSoto County Board of Supervisors*, 852 So. 2d 21 (Miss. 2003). In *Bowen*, the DeSoto County Board of Supervisors (the DeSoto Board) denied Bowen's request for a conditional-use permit. *Bowen*, 852 So. 2d at 22 (¶1). Within ten days of the DeSoto Board's decision, Bowen filed a notice of appeal, but no bill of exceptions, with the circuit clerk. *Id.* Based on Bowen's failure to file a bill of exceptions pursuant to Mississippi Code Annotated section 11-51-75 (Rev. 2002), the DeSoto Board moved to dismiss Bowen's appeal. *Id.* The circuit court granted the dismissal, but on appeal to this Court, we reversed and remanded with the following instructions to the circuit court:

> [P]ermit Bowen a reasonable time, as set by the court in the exercise of its sound discretion, to file the required bill of exceptions. In the event the bill of exceptions is filed within the mandated time, the court should proceed to resolve the issues presented by Bowen's appeal on the merits. In the event the bill is not timely filed, the court should consider dismissing the appeal, not for lack of jurisdiction, but for the appellant's failure to prosecute his appeal.

*Bowen v. Desoto Cty. Bd. of Supervisors*, 850 So. 2d 1156, 1158 (¶10) (Miss. Ct. App. 2002). After granting certiorari, the supreme court concluded that Bowen's properly and timely filed notice of appeal sufficed to vest jurisdiction of the matter with the circuit court. *Bowen*, 852 So. 2d at 24 (¶9). As a result, the supreme court affirmed this Court's judgment. *Id.*

¶9. The supreme court's holding in *Bowen* remained good caselaw until 2018, when the

4

supreme court explicitly stated in *Allen* that it overruled *Bowen*'s holding "that the bill of exceptions is nothing more than an optional vehicle for transmitting the record to the circuit court and that some other filing, such as a notice of appeal, can suffice to confer jurisdiction there." *Allen*, 242 So. 3d at 22 (¶55).[1]  However, in clarifying the proper procedure for bill-of-exceptions-practice and overruling *Bowen*, the *Allen* court explained that "to restore fairness and sensibility to the bill[-]of[-]exceptions process, . . . *going forward*, the ten-day deadline contained in the statute applies to the filing of the bill of exceptions with the clerk of the county or municipal board." *Id.* at (¶56).  Based on such language, we find the *Allen* court intended its holding to apply prospectively rather than retroactively. *See Mid-S. Retina LLC v. Conner*, 72 So. 3d 1048, 1052 (¶13) (Miss. 2011) ("Generally, all judicial decisions apply retroactively unless the Court has specifically stated the ruling is prospective.").  We therefore find the change in caselaw brought about by *Allen* fails to apply to the appeal currently before us because the current appeal was pending at the time the supreme court decided *Allen*.

¶10.    Furthermore, pursuant to *Bowen*, which still controlled at the time the Appellants filed their notice of appeal and proposed bill of exceptions, we find the circuit court erred by granting the City's motion to dismiss.  At the time the Appellants sought judicial review of the Board's rezoning decision, Mississippi Code Annotated section 11-51-75 (Rev. 2012)

---

[1] We note that five justices fully joined the majority opinion's holding in *Allen* that "the bill of exceptions itself is a jurisdictional requirement for the circuit court to hear an appeal via Section 11-51-75 . . . ." *Allen*, 242 So. 3d at 22 (¶54).  However, five justices also fully joined *Allen*'s special concurrence, which concluded that a bill of exceptions is just "an optional procedural vehicle" and "simply is *not* a mandatory jurisdictional requirement." *Id.* at 30 (¶¶88, 90) (Chamberlin, J., specially concurring) (emphasis added).

provided in relevant part:

> Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, *may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision*, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities.

(Emphasis added).[2]

¶11. The record here reflects that the Appellants filed their notice of appeal and proposed bill of exceptions within section 11-51-75's ten-day deadline. Thus, as in *Bowen*, the Appellants properly and timely appealed from the Board's decision. *See Bowen*, 852 So. 2d at 24 (¶9). We therefore reverse the circuit court's dismissal of their appeal as untimely. On remand, the circuit court should consider the merits of the arguments raised in the Appellants' bill of exceptions. At the time the circuit court heard the City's motion to dismiss, the court had before it not only the proposed bill of exceptions but also all the certified documents the City attached to its motion to dismiss. If on remand, though, the circuit court determines that the Appellants should file an amended bill of exceptions, the court should establish a reasonable time for the Appellants to do so and for the City to provide its proposed changes. *See Bowen*, 850 So. 2d at 1158 (¶10). If the parties comply, the circuit court should then resolve on the merits the issues presented by the bill of exceptions. *Id.*

---

[2] The Legislature amended section 11-51-75 after the Appellants filed their appeal. Miss. Code Ann. § 11-51-75 (Supp. 2018); 2018 Miss. Laws ch. 448. However, those amendments do not affect the Appellants' appeal. 2018 Miss. Laws ch. 448, § 2.

## CONCLUSION

¶12. We find the Appellants timely appealed the Board's rezoning decision by submitting their notice of appeal and proposed bill of exceptions to the City within section 11-51-75's ten-day time limit. We therefore reverse the circuit court's dismissal of their appeal as untimely and remand so the circuit court may consider the merits of the arguments raised in the Appellants' bill of exceptions. Because we reverse the circuit court's judgment on this ground, we decline to address the Appellants' remaining assignments of error.

¶13. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**